

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-18-2005

# Ogrod v. Bur Prisons

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4067

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Ogrod v. Bur Prisons" (2005). *2005 Decisions.* Paper 1343.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1343

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4067
_____

RANDY OGROD

v.

BUREAU OF PRISONS; JOHN NASH, F.C.I. Fort Dix

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 04-cv-04570)
District Judge:  Honorable Freda L. Wolfson

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
April 18, 2005

BEFORE: NYGAARD, VAN ANTWERPEN and STAPLETON, <u>CIRCUIT JUDGES</u>

(Filed April 18, 2005 )
_____

OPINION
_____

PER CURIAM

Randy Ogrod appeals from the District Court's order dismissing his habeas corpus

petition filed under 28 U.S.C. § 2241.  In his habeas petition, Ogrod challenges the

calculation of his good conduct time ("GCT") by the Bureau of Prisons ("BOP").  For the

following reasons, we will affirm the District Court's order.

Ogrod is currently incarcerated at the Federal Correctional Institution in Fort Dix, New Jersey, serving a federal sentence of 70 months for conspiracy to distribute a controlled substance. According to the BOP, Ogrod is eligible under the applicable statute, 18 U.S.C. § 3624(b), to earn up to 274 days of GCT. The BOP's calculation is based on the time Ogrod will actually serve in prison, not on the 70 months of sentence imposed.

After administratively challenging the BOP's calculation of his GCT, Ogrod filed a § 2241 habeas corpus petition in the District Court. In his habeas petition, Ogrod argues that the BOP's calculation of his GCT deprives him of the amount to which he is entitled by statute. Ogrod asserts that § 3624(b) allows him to earn up to 54 days per year based on the term of sentence imposed, not 54 days per year based on time actually served as the BOP's calculation provides. The District Court rejected Ogrod's position and dismissed his habeas petition, and subsequently denied his timely motion for reconsideration. Ogrod appeals.[1]

We will affirm the District Court's order. While Ogrod's appeal was pending, we resolved the issue in O'Donald v. Johns, __F.3d__, No. 04-2990, 2005 WL 647669 (3d Cir. Mar. 22, 2005). In O'Donald, we held that the meaning of § 3624(b) is ambiguous and thus deferred to the BOP's reasonable interpretation of the statute. See O'Donald,

---

[1] We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact. See Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir. 2002).

2005 WL 647669 at *2.  Ogrod's challenge, identical to the one raised and rejected in O'Donald, is unavailing.

In short, for the reasons described in O'Donald, the District Court properly rejected Ogrod's challenge to the BOP's calculation of his GCT.  Accordingly, we will affirm the District Court's order dismissing his habeas corpus petition.