

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-21-2005

# Simmons v. Fed Bur Prisons

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1111

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Simmons v. Fed Bur Prisons" (2005). *2005 Decisions.* Paper 1326.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1326

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1111
_____

ENRIQUE SIMMONS,

<u>Appellant</u>

v.

FEDERAL BUREAU OF PRISONS;
JONATHAN C. MINER, Warden F.C.I. Fairton

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 04-cv-05764)
District Judge: Honorable Joseph E. Irenas
_____

Submitted Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
March 24, 2005

Before: SLOVITER, NYGAARD and FUENTES, <u>Circuit</u> <u>Judges</u>

(Filed: April 21, 2005)
_____

OPINION
_____

PER CURIAM

Enrique Simmons appeals from the District Court's order denying his habeas

corpus petition filed under 28 U.S.C. § 2241. Simmons challenges the calculation of his

good conduct time ("GCT") by the Bureau of Prisons ("BOP"). Because we conclude

that the District Court's order is correct in light of our recent opinion in O'Donald v.

Johns, __F.3d__, No. 04-2990, slip op. (3d Cir. Mar. 22, 2005), we will summarily

affirm.  Simmons' motion for appointment of counsel on appeal is denied.

Simmons is currently incarcerated at the Federal Correctional Institution in

Fairton, New Jersey, serving a sentence of 322 months for conspiracy to distribute and

possession with intent to distribute over fifty grams of cocaine.  Simmons has been in

custody since May 17, 1990.  Simmons is scheduled for release on April 4, 2013.  The

BOP calculated the date pursuant to its reading of 18 U.S.C. § 3624(b).  After exhausting

administrative remedies, Simmons filed a petition pursuant to 28 U.S.C. § 2241 on

November 23, 2004, claiming specifically that the BOP misinterprets § 3624(b),

depriving him of 390 days of GCT.  He claims that he is entitled by statute to receive 54

days of GCT for each year of his imposed sentence, rather than the BOP's interpretation

that he receives credit only for time actually served.  By order entered December 16,

2004, the District Court held that § 3624(b) is not ambiguous, and the BOP's

interpretation is correct.  Simmons presents no other claims.  Simmons then filed this

appeal.[1]

We recently decided this precise issue.  In O'Donald, we held that although §

3624(b) is ambiguous, the BOP's interpretation is reasonable.  Id. at *4.  Here, the

---

[1]    We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a).  We exercise
plenary review over the District Court's legal conclusions and apply a clearly erroneous
standard to its findings of fact.  See Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir. 2002).

2

District Court incorrectly concluded that § 3624(b) is unambiguous. However, as we stated in O'Donald, under Chevron, U.S.A., Inc. v. Natural Res. Def. Council, 467 U.S. 837, 844 (1984), we defer to the BOP's interpretation. O'Donald, No. 04-2990 at *4. Thus, Simmons' claim must fail.

In short, because of our recent opinion in O'Donald v. Johns, the District Court properly rejected Simmons' challenge to the BOP's calculation of his GCT. Accordingly, we will affirm the District Court's order denying his habeas corpus petition. Simmons' request for appointment of counsel on appeal is denied.