Opinions of the United States Court of Appeals for the Third Circuit



4-22-2005

# Gallo v. Holt

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1386

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Gallo v. Holt" (2005). *2005 Decisions.* Paper 1321.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1321

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-185                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1386
_____

MARIO GALLO,
                                                Appellant

v.

RONALD R. HOLT, Warden of FCI Schuylkill

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-cv-00009)
District Judge: Honorable William J. Nealon

_____

Submitted For Possible Summary Action
Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
March 31, 2005
Before:  SLOVITER, NYGAARD AND FUENTES, CIRCUIT JUDGES

(Filed:  April 22, 2005)
_____

OPINION
_____

PER CURIAM

      Mario Gallo appeals from the District Court's order denying his habeas corpus

petition filed pursuant to 28 U.S.C. § 2241.  In his habeas petition, Gallo challenges the

calculation of his good conduct time ("GCT") by the Bureau of Prisons ("BOP").

Because we conclude that the District Court's decision is correct in light of our recent opinion in O'Donald v. Johns, __F.3d__, No. 04-2990, 2005 WL 647669 (3d Cir. Mar. 22, 2005), we will summarily affirm.

Gallo is currently incarcerated at the Federal Correctional Institution-Schuylkill in Minersville, Pennsylvania, serving a federal sentence of 180 months imposed in 1997. According to the BOP, Gallo is eligible under the applicable statute, 18 U.S.C. § 3624(b), to earn up to 683 days of GCT. The BOP's calculation of GCT is based on the time Gallo will actually serve in prison, not on the entire 180-month sentence imposed. The BOP projects Gallo's release date as October 16, 2009.

After administratively challenging the BOP's calculation of his GCT, Gallo filed a § 2241 habeas corpus petition in the District Court. In his habeas petition, Gallo argues that the BOP's calculation of his GCT deprives him of the amount to which he is entitled by statute. Gallo asserts that § 3624(b) allows him to earn up to 54 days per year based on the term of sentence imposed, not 54 days per year based on time actually served as the BOP's calculation provides. Relying on the opinions of several other courts, the District Court rejected Gallo's position and denied his habeas petition. Gallo appeals.[1]

We will affirm the District Court's order. Since Gallo filed his notice of appeal, we resolved the issue in O'Donald v. Johns, __F.3d__, No. 04-2990, 2005 WL 647669

---

[1] We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact. See Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir. 2002).

(3d Cir. Mar. 22, 2005). In O'Donald, we held that the meaning of § 3624(b) is ambiguous and thus deferred to the BOP's reasonable interpretation of the statute. See O'Donald, 2005 WL 647669 at *2. Gallo's challenge, identical to the one raised and rejected in O'Donald, is unavailing.

In short, we conclude that Gallo's appeal is controlled by O'Donald, which constitutes subsequent precedent warranting summary action. See Third Circuit L.A.R. 27.4, I.O.P. 10.6. Accordingly, we will summarily affirm the District Court's order denying Gallo's § 2241 petition.