

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-28-2005

# Greene v. Miner

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1299

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Greene v. Miner" (2005). *2005 Decisions.* Paper 1300.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1300

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1299
_____

JOHN GREENE

v.

JOHN C. MINER; BUREAU OF PRISONS

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 05-cv-00113)
District Judge:  Honorable Jerome B. Simandle

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
April 25, 2005

Before:  SLOVITER, BARRY and FISHER, Circuit Judges

(Filed: April 28, 2005)
_____

OPINION
_____

PER CURIAM

John Greene appeals from the District Court's order dismissing his habeas corpus

petition filed under 28 U.S.C. § 2241.  In his habeas petition, Greene challenges the

calculation of his good conduct time ("GCT") by the Bureau of Prisons ("BOP"). For the following reasons, we will affirm the District Court's order.

Greene is currently incarcerated at the Federal Correctional Institution in Fairton, New Jersey, serving a sentence of 130 months imposed by the United States District Court for the Eastern District of Pennsylvania. According to the BOP, Greene is eligible under the applicable statute, 18 U.S.C. § 3624(b), to earn up to 509 days of GCT, i.e., 54 days of GCT per year of time he will actually serve. The BOP projects Greene's release date as October 26, 2012.

After administratively challenging the BOP's calculation of his GCT, Greene filed a § 2241 habeas corpus petition in the District Court. Greene argues that § 3624(b) allows him to earn up to 54 days per year based on the term of sentence imposed, not based on time actually served, and that the BOP's calculation deprives him of the amount to which he is entitled by statute. Citing opinions from several other courts, the District Court rejected Greene's position and dismissed his habeas petition. Greene appeals.[1]

We will affirm the District Court's order. As the Government explains in its brief, we recently resolved the issue in O'Donald v. Johns, __F.3d__, No. 04-2990, 2005 WL 647669 (3d Cir. Mar. 22, 2005). In O'Donald, we held that the meaning of § 3624(b) is ambiguous and thus deferred to the BOP's reasonable interpretation of the statute. See

---

[1] We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact. See Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir. 2002).

2

O'Donald, 2005 WL 647669 at *2.  Greene's challenge, identical to the one raised and rejected in O'Donald, is unavailing.

In short, for the reasons described in O'Donald, the District Court properly rejected Greene's challenge to the BOP's calculation of his GCT.  Accordingly, we will affirm the District Court's order dismissing his habeas corpus petition.