

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-29-2005

# Ruiz v. Callahan

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4620

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Ruiz v. Callahan" (2005). 2005 Decisions. Paper 1287.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1287

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No 04-4620

_____

EDWIN RUIZ

v.

DENNIS M. CALLAHAN

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 03-cv-00119J)
District Judge:  Honorable Kim R. Gibson

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
April 26, 2005

Before:  RENDELL, AMBRO and FUENTES, Circuit Judges

(Filed April 29, 2005 )

_____

OPINION

_____

PER CURIAM

Edwin Ruiz appeals from the District Court's order denying his habeas corpus

petition filed under 28 U.S.C. § 2241.  Ruiz challenges the calculation of his good

conduct time ("GCT") by the Bureau of Prisons ("BOP").  Because we conclude that the

District Court's order is correct in light of our recent opinion in O'Donald v. Johns, __F.3d__, No. 04-2990, slip op. (3d Cir. Mar. 22, 2005), we will affirm.

Ruiz is currently incarcerated at the Federal Correctional Institution in Fort Dix, New Jersey, serving a sentence of 168 months for drug related charges. Ruiz has been in custody since March 23, 1998, and is currently scheduled for release on May 29, 2010. The BOP calculated the release date pursuant to its reading of 18 U.S.C. § 3624(b). After exhausting administrative remedies, Ruiz filed a petition pursuant to 28 U.S.C. § 2241 on May 28, 2003, claiming specifically that the BOP misinterprets § 3624(b), depriving him of 98 days of GCT. He claims that he is entitled by statute to receive 54 days of GCT for each year of his imposed sentence, rather than the BOP's interpretation that he receives credit only for time actually served. By order entered November 3, 2004, the District Court held that § 3624(b) is not ambiguous, and the BOP's interpretation is correct. Ruiz presents no other claims. He then filed this appeal.[1]

We recently decided this precise issue. In O'Donald v. Johns, 402 F.3d 172 (3d Cir. 2005), we held that although § 3624(b) is ambiguous, the BOP's interpretation is reasonable. Id. at 174. We stated in O'Donald, that under Chevron U.S.A., Inc. v. Natural Res. Def. Council, 467 U.S. 837, 844 (1984), we defer to the BOP's interpretation. O'Donald, 402 F3d at 174. Thus, Ruiz's claim must fail.

_____

[1] We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact. See Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir. 2002).

In short, in light of our recent opinion in O'Donald v. Johns, the District Court properly denied Ruiz's challenge to the BOP's calculation of his GCT. Accordingly, we will affirm the District Court's order denying his habeas corpus petition.