

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-17-2005

# Harris v. Nash

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4416

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Harris v. Nash" (2005). *2005 Decisions.* Paper 1170.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1170

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-225                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4416
_____

ROY WILLIAM HARRIS,
Appellant
v.

JOHN NASH, Warden

_____

On Appeal From the United States District Court
For the District of New Jersey
(D. NJ. 04-cv-03279)
District Judge: Honorable Freda L. Wolfson
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
APRIL 28, 2005

Before: SLOVITER, NYGAARD AND FUENTES,  Circuit Judges.

(Filed: May 17, 2005)


_____


OPINION
_____


PER CURIAM

Roy William Harris appeals pro se from an order of the District Court dismissing

his petition for writ of habeas corpus.  Appellee has filed a motion for summary

affirmance, which will be granted.

Harris is currently serving a 188-month sentence at the Federal Correctional Institution in Fort Dix, New Jersey. Harris filed a petition under 28 U.S.C. § 2241 in the District Court challenging the Bureau of Prisons' ("BOP") interpretation of 18 U.S.C. § 3624(b)(1), which governs the award of good time credits to prisoners. The District Court rejected his arguments and dismissed his petition. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Our review is plenary. See Bakhtriger v. Elwood, 360 F.3d 414, 417 (3d Cir. 2004).

Section 3624(b)(1) reads, in pertinent part, as follows:

> [A] prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit towards the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term . . .

18 U.S.C. § 3624(b)(1). The BOP interprets this statute to allow fifty-four days of "good time" credit for each year served by the prisoner. 28 C.F.R. § 523.20. The BOP's formula for calculating good time credit accounts for the fact that the prisoner's sentence is incrementally shortened as good time credit is awarded each year. See White v. Scibana, 390 F.3d 997 at 1000-1001 (7th Cir. 2004) (explaining the BOP's formula).

Harris contends that the Bureau of Prisons' (BOP's) interpretation of 18 U.S.C. § 3624(b) is contrary to Congressional intent because the phrase "term of imprisonment" in the statute unambiguously refers to the term imposed rather than time served. As a result of the BOP's incorrect interpretation of this statute, Harris argues, he is being deprived of good time credit to which he is entitled.

2

We have recently held that the phrase "term of imprisonment" in this statute is ambiguous and that the BOP's interpretation is reasonable. See O'Donald v. Johns, 402 F.3d 172, 174 (3d Cir. 2005). Therefore, we defer to the BOP's interpretation, as required under Chevron U.S.A., Inc. v. Natural Resources Def. Council, 467 U.S. 837, 844 (1984).

For the foregoing reasons, Harris's arguments are foreclosed by our decision in O'Donald. Accordingly, we will affirm the District Court's judgment. See Third Circuit LAR 27.4 and I.O.P. 10.6. Harris's motion for appointment of counsel is denied.