

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-24-2005

# Dixon v. Holt

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1339

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Dixon v. Holt" (2005). *2005 Decisions.* Paper 360.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/360

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1339
_____

JOHN DIXON,
                    Appellant

v.

RONNIE HOLT, WARDEN
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 04-cv-02422)
District Judge:  Honorable A. Richard Caputo
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 20, 2005

Before: BARRY, STAPLETON AND GREENBERG, CIRCUIT JUDGES

(Filed:  October 24, 2005)
_____

OPINION
_____

PER CURIAM

       John Dixon appeals from the District Court's order dismissing his habeas corpus

petition filed under 28 U.S.C. § 2241.  We have jurisdiction pursuant to 28 U.S.C. §§

1291 and 2253(a).  We exercise plenary review over the District Court's legal conclusions

and apply a clearly erroneous standard to its findings of fact. See Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir. 2002). We will affirm the District Court's order.

Dixon is currently incarcerated at the Schuylkill Federal Correctional Institution in Minersville, Pennsylvania, serving a sentence of 121 months that was imposed by the United States District Court for the District of Maryland on March 31, 2000. After exhausting his administrative remedies, Dixon filed a § 2241 habeas corpus petition in the United States District Court for the Middle District of Pennsylvania. In his habeas petition, Dixon challenges the calculation of his good conduct time ("GCT") by the Bureau of Prisons ("BOP"). According to the BOP, Dixon is eligible under the applicable statute, 18 U.S.C. § 3624(b), to earn up to 474 days of GCT with a resulting projected release date of June 19, 2008. Dixon, however, argues that the BOP's calculation of his GCT deprives him of the amount to which he is entitled by statute. Dixon asserts that § 3624(b) allows him to earn up to 54 days per year of the term of sentence imposed (i.e., 540 days of GCT), not 54 days per year of time actually served as the BOP's calculation provides. In the alternative, Dixon argues that even if the statute were ambiguous, he should benefit from the "rule of lenity." The District Court disagreed and denied the petition.

The outcome of this appeal is controlled by our recent decision in O'Donald v. Johns, 402 F.3d 172, 174 (3d Cir. 2005). There, the appellant presented an argument essentially the same as that advanced by Dixon here. We rejected it, finding that

2

§ 3624(b) is ambiguous but agreeing with the Second, Seventh and Ninth Circuit Courts of Appeals that the BOP's interpretation of § 3624(b) is reasonable. We further declined to apply the "rule of lenity" because the ambiguity in the statute had been otherwise resolved. Accordingly, in light of O'Donald, we will affirm the judgment of the District Court.