David O'DONALD, Appellant

v.

Tracy JOHNS, Warden.

No. 04–2990.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit L.A.R.
34.1(a)March 3, 2005.

March 22, 2005.

David O'Donald, Loretto, PA, pro se.

Bonnie R. Schlueter, Office of United States Attorney, Pittsburgh, PA, for Appellee.

Before SLOVITER, BARRY and FISHER, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

David O'Donald appeals from the District Court's order denying his habeas cor-

pus petition filed under 28 U.S.C. § 2241. In his habeas petition, O'Donald challenges the calculation of his good conduct time ("GCT") by the Bureau of Prisons ("BOP"). For the following reasons, we will affirm the District Court's order.

O'Donald is currently incarcerated at the Federal Correctional Institution in Loretto, Pennsylvania, serving a federal sentence of 144 months for armed bank robbery. According to the BOP, O'Donald is eligible under the applicable statute, 18 U.S.C. § 3624(b), to earn up to 564 days of GCT. Under its calculation of GCT, the BOP projects O'Donald's release date as May 4, 2007.

After exhausting administrative remedies, O'Donald challenged the BOP's calculation of his GCT by filing a habeas corpus petition in the District Court. In his habeas petition, O'Donald argues that the BOP's calculation of his GCT deprives him of the amount to which he is entitled by statute. O'Donald asserts that § 3624(b) allows him to earn up to 54 days per year of the term of sentence imposed, not 54 days per year of time actually served as the BOP's calculation provides.

The Magistrate Judge to whom the case was assigned disagreed with O'Donald and recommended denying his habeas corpus petition. After receiving O'Donald's objections, the District Court adopted the Magistrate Judge's report and recommendation and denied O'Donald's petition. O'Donald appeals.[1]

The version of § 3624(b) applicable to O'Donald provided in relevant part:

A prisoner who is serving a term of imprisonment of more than one year, other than a term of imprisonment for the duration of his life, shall receive credit toward the service of the prisoner's sentence, beyond the time served, of fifty-four days, at the end of each year of his term of imprisonment, beginning at the end of the first year of the term, unless the Bureau of Prisons determines that, during that year, he has not satisfactorily complied with such institutional disciplinary regulations as have been approved by the Attorney General and issued to the prisoner. . . . Credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

18 U.S.C. § 3624(b) (effective Nov. 1, 1987).

The BOP interprets the statute as allowing 54 days of GCT "for each year served." 28 C.F.R. § 523.20. To effectuate its interpretation of the statute, the BOP utilizes a formula for calculating GCT which takes into account the fact that an inmate's time actually served becomes incrementally shorter each year as he is awarded GCT. *See White v. Scibana*, 390 F.3d 997, 999–1000 (7th Cir.2004) (explaining the BOP's formula).

O'Donald argues that the plain language of the statute requires the BOP to calculate GCT based on the sentence imposed, not time served. He points to the phrase "term of imprisonment" as clear indication that the statute unambiguously requires calculation of GCT based on the sentence imposed rather than time served.[2] The

**1.** We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact. *See Ruggiano v. Reish*, 307 F.3d 121, 126 (3d Cir.2002).

**2.** To the extent that O'Donald relies on the District Court's opinion in *White v. Scibana*, 314 F.Supp.2d 834 (W.D.Wis.2004), the Seventh Circuit reversed the District Court's decision. *See White*, 390 F.3d at 1003. We are also aware of *Williams v. Dewalt*, 351 F.Supp.2d 412 (D.Md. 2004), in which the

BOP, on the other hand, argues that the phrase unambiguously refers to time served.

We disagree with both contentions. In our view, it is unclear whether the phrase "term of imprisonment," as used several times in § 3624(b), refers to the sentence imposed or time served. The final sentence quoted above appears to refer to time served. Moreover, § 3624(b) establishes a process of awarding GCT at the end of each year of imprisonment based on an inmate's behavior while incarcerated. As an inmate earns GCT each year, his overall time to serve is reduced. To calculate GCT based on the sentence imposed would allow an inmate to earn GCT for time he was not actually incarcerated. *See White*, 390 F.3d at 1002. This unseemly result would frustrate the process and militates against finding that the phrase "term of imprisonment" unambiguously refers to the sentence imposed. *Id.* at 1002. On the other hand, we cannot agree with the BOP that the phrase unambiguously refers to time served. As used initially in the opening sentence of § 3642(b), the phrase appears to refer to the sentence imposed. We thus conclude that the meaning § 3624(b) is ambiguous in this regard. *See Perez–Olivo v. Chavez*, 394 F.3d 45, 52 (1st Cir.2005); *White*, 390 F.3d at 1002–03; *Pacheco–Camacho v. Hood*, 272 F.3d 1266, 1270 (9th Cir.2001).

Because the meaning of § 3624(b) is ambiguous, we must defer to the BOP's interpretation if it is reasonable. *See Chevron, U.S.A., Inc. v. Natural Res. Def. Council*, 467 U.S. 837, 844, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984); *Stiver v. Meko*, 130 F.3d 574, 577 (3d Cir.1997).

We agree with the First, Seventh, and Ninth Circuits that the BOP's interpretation is reasonable.[3] *See Perez–Olivo*, 394 F.3d at 53; *White*, 390 F.3d at 1003; *Pacheco–Camacho*, 272 F.3d at 1270–71. In particular, we agree that the BOP's interpretation comports with the language of the statute, effectuates the statutory design, establishes a "fair prorating scheme," enables inmates to calculate the time they must serve with reasonable certainty, and prevents certain inmates from earning GCT for time during which they were not incarcerated. *Pacheco–Camacho*, 272 F.3d at 1270–71.

O'Donald's remaining argument is that if § 3624(b) is ambiguous, the District Court should have applied the rule of lenity and resolved the ambiguity in his favor. This argument lacks merit. We do not resort to the rule of lenity where, as here, we can otherwise resolve the ambiguity of the statute. *See Caron v. United States*, 524 U.S. 308, 316, 118 S.Ct. 2007, 141 L.Ed.2d 303 (1998); *Pacheco–Camacho*, 272 F.3d at 1271–72.

In short, the District Court properly rejected O'Donald's challenge to the BOP's calculation of GCT. Accordingly, we will affirm the District Court's order denying his habeas corpus petition.

---

District Court ruled that § 3624(b) is not ambiguous and that the BOP's calculation is improper. For the reasons explained herein, however, we disagree with *Williams'* analysis and conclusions.

**3.** To date, no other Court of Appeals has answered this question in a published opinion.