

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-27-2005

# Gilmore v. Miner

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1977

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Gilmore v. Miner" (2005). *2005 Decisions.* Paper 1118.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1118

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1977
_____

CHAD GILMORE,
                                        Appellant

v.

JONATHAN C. MINER,
WARDEN, FCI FAIRTON

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 05-cv-00799)
District Judge: Honorable Freda L. Wolfson
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
April 29, 2005
Before:  SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges

Filed: May 27, 2005

_____

OPINION

_____

PER CURIAM.

        Chad Gilmore, a prisoner incarcerated at the Federal Correctional

Institution in Fairton, New Jersey, appeals pro se the order of the United States District

Court for the District of New Jersey denying his habeas petition filed pursuant to 28

U.S.C. § 2241. For the reasons that follow, we will summarily affirm the District Court's order.

According to his § 2241 petition, Gilmore pled guilty to receipt of child pornography in the United States District Court for the District of Maryland. On January 27, 2003, Gilmore was sentenced to 32 months' imprisonment, to be followed by three years of supervised release. The Bureau of Prisons ("BOP") has calculated that Gilmore is eligible under 18 U.S.C. § 3624(b) to earn up to 125 days of good conduct time.

In February 2005, Gilmore filed the underlying § 2241 petition in the District Court for the District of New Jersey. In his petition, Gilmore alleged that the BOP misinterpreted § 3624(b), depriving him of 19 days of good conduct time. Specifically, Gilmore argued that § 3624(b) allows him to earn up to 54 days per year of the term of sentence imposed, not 54 days per year of time actually served as the BOP's calculation provides. By order entered March 1, 2005, the District Court denied Gilmore's petition. This timely appeal followed.

The outcome of this appeal is controlled by our recent decision in O'Donald v. Johns, 402 F.3d 172 (3d Cir. 2005). In O'Donald, 402 F.3d at 174, we held that the meaning of § 3624(b) is ambiguous, and thus deferred to the BOP's reasonable interpretation of the statute. Gilmore's claim, identical to that raised and rejected in O'Donald, is unavailing. In short, for the reasons described in O'Donald, the District Court properly rejected Gilmore's challenge to the BOP's calculation of his good conduct time.

Because this appeal presents "no substantial question," 3d Cir. LAR 27.4 and I.O.P. 10.6, we will summarily affirm the District Court's March 1, 2005, order.