

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-30-2005

# Nye v. Federal Bureau

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3864

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Nye v. Federal Bureau" (2005). *2005 Decisions.* Paper 935.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/935

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CPS-209                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-3864
_____

BRIAN A. NYE,
Appellant
v.

FEDERAL BUREAU OF PRISONS;
TRACY W. JOHNS, Warden,
FCI Loretto

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(W.D. Pa. Civ. No. 04-80J)
District Judge: Honorable Kim R. Gibson
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
April 21, 2005

BEFORE: ALITO, McKEE and AMBRO, CIRCUIT JUDGES

(Filed:    June 30, 2005)

_____

OPINION

_____

PER CURIAM

        Brian A. Nye appeals pro se from the order of the District Court for the Western

District of Pennsylvania denying his petition for writ of habeas corpus to the extent he

sought to compel Appellees to calculate his "good time" credit based on the sentence imposed rather than the time served.

At the time of filing this appeal, Nye was serving a fifty-one month sentence at the Federal Correctional Institution in Loretto, Pennsylvania. Nye filed a petition for habeas corpus relief under 28 U.S.C. § 2241 in the District Court challenging the Bureau of Prisons' ("BOP") change in policy related to the timing of the release of prisoners to community confinement. Nye subsequently filed a supplement to his habeas petition, seeking to compel the BOP to calculate his good time credit based on the sentence imposed rather than on the time he has served. Upon recommendation by the Magistrate Judge, the District Court granted Nye's habeas petition with respect to the community confinement issue and dismissed the claim related to the calculation of good time credit for failure to exhaust administrative remedies. It is from this dismissal that Nye appeals.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We can affirm the District Court on any basis supported in the record. See Fairview Township v. EPA, 773 F.2d 517, 525 n.15 (3d Cir. 1985). Our review is plenary. See Bakhtriger v. Elwood, 360 F.3d 414, 417 (3d Cir. 2004). The Commonwealth has filed a motion for summary affirmance to which Nye has responded.

Nye challenges the BOP's interpretation of 18 U.S.C. § 3624(b)(1), which provides that credit may be applied to a prisoner's sentence based on "satisfactory conduct." The statute reads, in pertinent part, as follows:

> [A] prisoner who is serving a term of imprisonment of more
> than 1 year other than a term of imprisonment for the duration
> of the prisoner's life, may receive credit towards the service
> of the prisoner's sentence, beyond the time served, of up to 54
> days at the end of each year of the prisoner's term of
> imprisonment, beginning at the end of the first year of the
> term . . .

18 U.S.C. § 3624(b)(1). The BOP interprets this statute to allow fifty-four days of "good time" credit for each year served by the prisoner. 28 C.F.R. § 523.20. The BOP's formula for calculating good time credit accounts for the fact that the prisoner's sentence is incrementally shortened as good time credit is awarded each year. See White v. Scibana, 390 F.3d 997 at 1000-1001 (7th Cir. 2004) (explaining the BOP's formula).

Nye argues that the placement of the word "beyond" in the phrase "beyond the time served" means that good time credit should be added to the amount of time served, rather than based on the amount of time served. He next asserts that the phrase "term of imprisonment" refers to the sentence as imposed and has the same meaning as when used in the sentencing phase of a defendant's trial or in the text of the United States Sentencing Guidelines. As a result of the BOP's incorrect interpretation of this statute, Nye argues, he is being deprived of good time credit to which he is entitled.

We have recently held that the phrase "term of imprisonment" in this statute is ambiguous. See O'Donald v. Johns, 402 F.3d 172, 174, 2005 WL 647669 at **2 (3d Cir. March 22, 2005). We need not dwell on this ambiguity, or on the meaning of "beyond the time served," however, as we further held in O'Donald that the BOP's interpretation of §

3

3624(b) is reasonable.  <u>See</u> <u>id.</u>  Therefore, we defer to the BOP's interpretation, as required under <u>Chevron U.S.A., Inc. v. Natural Resources Def. Council</u>, 467 U.S. 837, 844 (1984).

For the foregoing reasons, Nye's arguments are foreclosed by our decision in <u>O'Donald</u>; summary action is warranted based on this subsequent precedent. Accordingly, we will affirm the District Court's judgment.  <u>See</u> Third Circuit LAR 27.4 and I.O.P. 10.6.