

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-24-2005

# Dodson v. Johns

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1419

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Dodson v. Johns" (2005). *2005 Decisions.* Paper 359.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/359

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-1419
_____

JAMES A. DODSON,
Appellant

v.

TRACY W. JOHNS
_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civil. No. 04-cv-00306J)
District Judge: Honorable Kim R. Gibson
_____

Submitted For Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
October 6, 2005

Before: RENDELL, AMBRO and BECKER, Circuit Judges.

(Filed October 24, 2005)
_____

OPINION OF THE COURT
_____

PER CURIAM

James Dodson, a prisoner currently incarcerated at the Federal Correctional

Institution in Lorretto, Pennsylvania, appeals pro se the order of the United States District

Court for the Western District of Pennsylvania denying his habeas petition filed pursuant

to 28 U.S.C. § 2241. For the reasons that follow, we will summarily affirm.

Dodson was convicted of drug-related charges in the United States District Court for the Eastern District of Missouri. In November 2000, he was sentenced to 70 months of imprisonment. The Bureau of Prisons ("BOP") calculated that Dodson is eligible to earn up to 274 days of good conduct time under 18 U.S.C. § 3624(b). That section provides, in relevant part:

> [A] prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

18 U.S.C. § 3624(b)(1).

The BOP's interpretation of this statute, and its calculation of Dodson's good conduct time, is based on the time actually served in prison. This calculation accounts for the fact that the prisoner's sentence is incrementally shortened as good time credit is awarded each year. Dodson argues, however, he is entitled to earn up to 54 days per year based on the sentence imposed, not based on time actually served. See Memorandum in Support of § 2241 Petition, 3-10.

Dodson's claim is identical to that raised and rejected in O'Donald v. Johns, 402 F.3d 172 (3d Cir. 2005), rehearing en banc denied (order entered October 4, 2005). In O'Donald, 402 F.3d at 174, we held that the meaning of § 3624(b) is ambiguous and

2

therefore deferred to the BOP's interpretation of the statute. Accordingly, for the reasons described in O'Donald, we conclude that the District Court properly rejected Dodson's challenge to the BOP's calculation of his good conduct time.

Because this appeal presents "no substantial question," 3d Cir. LAR 27.4 and I.O.P. 10.6, we will summarily affirm the District Court's January 1, 2005, order.[1]

---

[1] The Appellee's motion to stay the briefing schedule is denied as moot.