

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-27-2005

# Primrose v. Holt

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2470

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Primrose v. Holt" (2005). *2005 Decisions*. Paper 325.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/325

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-7                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2470
_____

MAURICE PRIMROSE

v.

RONALD R. HOLT, Warden of FCI-Schuylkill

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 04-cv-02717)
District Judge: Honorable William W. Caldwell

_____

Submitted For Possible Summary Action
Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
October 6, 2005
Before: SLOVITER, MCKEE AND FISHER,  Circuit Judges.

(Filed:  October 27, 2005)
_____

OPINION
_____

PER CURIAM

Maurice Primrose appeals from the District Court's order denying his habeas

corpus petition filed pursuant to 28 U.S.C. § 2241.  In his habeas petition, Primrose

challenges the calculation of his good conduct time (GCT) by the Bureau of Prisons

(BOP). Because we conclude that Primrose's appeal presents no substantial question, we will summarily affirm the District Court's order.

Primrose is currently incarcerated at the Federal Correctional Institution-Schuylkill in Minersville, Pennsylvania, serving a federal sentence of 274 months imposed in 1990. According to the BOP, Primrose is eligible under the applicable statute, 18 U.S.C. § 3624(b), to earn up to 1188 days of GCT. The BOP's calculation of GCT is based on the time Primrose will actually serve in prison, not on the entire 274-month sentence imposed. The BOP projects Primrose's release date as June 7, 2010.

After administratively challenging the BOP's calculation of his GCT, Primrose filed a § 2241 habeas corpus petition in the District Court. In his habeas petition, Primrose argues that the BOP's calculation of his GCT deprives him of the amount to which he is entitled by statute. Primrose asserts that § 3624(b) allows him to earn up to 54 days per year based on the term of sentence imposed, not 54 days per year based on time actually served as the BOP's calculation provides. The District Court rejected Primrose's position and denied his habeas petition. Primrose appeals.[1]

We will affirm the District Court's order. We resolved this issue in O'Donald v. Johns, 402 F.3d 172 (3d Cir. 2005). In O'Donald, we held that the meaning of § 3624(b) is ambiguous and thus deferred to the BOP's reasonable interpretation of the statute. See

_____

[1]We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact. See Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir. 2002).

id. at 174. Primrose's challenge, identical to the one raised and rejected in O'Donald, is unavailing.

In short, we conclude that Primrose's appeal is controlled by O'Donald and thus presents no substantial question. Accordingly, we will summarily affirm the District Court's order. See Third Circuit L.A.R. 27.4, I.O.P. 10.6.