

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-3-2005

# Carlucci v. Holt

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2369

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Carlucci v. Holt" (2005). *2005 Decisions.* Paper 259.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/259

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2369

_____

RONALD CARLUCCI,
Appellant

v.

RONALD HOLT, Warden

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.
(D.C. Civil No. 04-cv-2669)
District Judge: Honorable Christopher C. Conner

_____

Submitted For Possible Summary Action Under
Third Circuit LAR 27.4 and I.O.P. 10.6
October 14, 2005

Before:   RENDELL, AMBRO and BECKER, Circuit Judges

(Filed:  November 3, 2005)
_____

OPINION OF THE COURT
_____

PER CURIAM

     Ronald Carlucci appeals pro se from an order of the District Court for the Middle

District of Pennsylvania dismissing his petition for habeas corpus pursuant to 28 U.S.C.

§ 2241. At the time he filed his habeas petition, Carlucci was incarcerated in the Federal Correctional Institution at Schuylkill, serving a 120-month sentence for racketeering and related firearms convictions. Carlucci's petition challenges the Bureau of Prisons' ("BOP") interpretation of 18 U.S.C. § 3624(b)(1), which governs the award of good time credits to prisoners. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Our review is plenary. See Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir. 2002). The Clerk listed the case for possible summary action. In response, Appellee filed a motion for summary affirmance, and Carlucci filed a motion in opposition.

Section 3624(b)(1) reads, in pertinent part, as follows:

> [A] prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit towards the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term . . .

18 U.S.C. § 3624(b)(1). The BOP interprets this statute to allow 54 days of "good time" credit for each year served by the prisoner. See 28 C.F.R. § 523.20. The BOP's formula for calculating good time credit accounts for the fact that the prisoner's sentence is incrementally shortened as good time credit is awarded each year. See White v. Scibana, 390 F.3d 997 at 1000-1001 (7th Cir. 2004) (explaining the BOP's formula), cert. denied by White v. Hobart, 125 S. Ct. 2921 (June 13, 2005).

Carlucci contends that the Bureau of Prisons' interpretation of 18 U.S.C.

2

§ 3624(b)(1) is contrary to "the unambiguous intent of Congress" that prisoners are eligible to earn 54 days for each year of the prisoner's sentence, because "term of imprisonment" essentially means "sentence." Alternatively, Carlucci argues that, even if the statute is ambiguous, the "rule of lenity" should supersede any deference owed to the BOP's interpretation under Chevron U.S.A., Inc. v. Natural Resources Def. Council, 467 U.S. 837, 844 (1984). Carlucci asserts that the BOP's interpretation of the statute deprives him of good time credit to which he is entitled, in violation of his Equal Protection and Due Process rights.

As noted in the District Court's order, we have recently held that the phrase "term of imprisonment" in this statute is ambiguous and that the BOP's interpretation is reasonable. See O'Donald v. Johns, 402 F.3d 172, 174 (3d Cir. 2005) (per curiam), reh'g denied (order entered October 4, 2005). Therefore, we apply Chevron deference to the BOP's interpretation of § 3624(b).

For the foregoing reasons, Carlucci's arguments are foreclosed by our decision in O'Donald. Accordingly, we will summarily affirm the District Court's judgment. See Third Circuit LAR 27.4 and I.O.P. 10.6. Appellee's motion for summary affirmance is GRANTED. Appellant's "Request for Leave For Supplemental Filing" is DENIED.