

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-9-2005

# Thomas v. DeRosa

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2724

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Thomas v. DeRosa" (2005). *2005 Decisions.* Paper 242.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/242

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-12                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2724
_____

JUDE P. THOMAS,

Appellant


v.


WARDEN DEROSA

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 04-cv-04077)
District Judge: Honorable Robert B. Kugler

_____


Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
October 14, 2005

Before:   SLOVITER, MCKEE AND FISHER,   <u>CIRCUIT JUDGES</u>

(Filed:  November 9, 2005)


_____


OPINION

_____


PER CURIAM


Jude P. Thomas appeals from an order of the United States District Court for the

District of New Jersey, denying his petition for habeas corpus.  In his petition, Thomas argued that the Bureau of Prisons (BOP) was miscalculating his "good time credits" pursuant to 18 U.S.C. § 3624(b).  Thomas argued that the BOP incorrectly based its calculations on the number of days actually served rather than the length of the sentence imposed.

We recently addressed the identical arguments in O'Donald v. Johns, 402 F.3d 172 (3d Cir. 2005).  We concluded, as did the District Court here, that the BOP's interpretation of the statute, which utilizes a formula based on the time actually served, is reasonable.[1]  We therefore will affirm the District Court's order.

---

[1] In his Motion in Opposition of Summary Action, Thomas also argues that application of the BOP's calculation results in an ex post facto violation in his case, because he was convicted in 1992 and the BOP's formal regulation was not adopted until 1997.  "We generally do not address arguments that were not made in the district court and we therefore decline to consider the appellant['s] current argument as a ground for reversing the decision of the district court."  Ziccardi v. City of Philadelphia, 288 F.3d 57, 65 (3d Cir. 2002).

2