

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-9-2005

# Jackson v. Holt

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3743

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Jackson v. Holt" (2005). *2005 Decisions.* Paper 240.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/240

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-14                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3743
_____

RONNIE LEE JACKSON

v.

WARDEN RONNIE HOLT

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-cv-01414)
District Judge: Honorable Christopher C. Conner

_____

Submitted For Possible Summary Action
Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
October 14, 2005
Before:   SLOVITER, MCKEE AND FISHER,  Circuit Judges.

(Filed: November 9, 2005)
_____

OPINION
_____

PER CURIAM

Ronnie Lee Jackson appeals from the District Court's order denying his habeas

corpus petition filed pursuant to 28 U.S.C. § 2241.  In his habeas petition, Jackson

challenges the calculation of his good conduct time (GCT) by the Bureau of Prisons

(BOP). Because we conclude that Jackson's appeal presents no substantial question, we will summarily affirm the District Court's order.

Jackson is currently incarcerated at the Federal Correctional Institution-Schuylkill in Minersville, Pennsylvania, serving a federal sentence of 84 months imposed in 2003. According to the BOP, Jackson is eligible under the applicable statute, 18 U.S.C. § 3624(b), to earn up to 329 days of GCT. The BOP's calculation of GCT is based on the time Jackson will actually serve in prison, not on the entire 84-month sentence imposed. The BOP projects Jackson's release date as April 22, 2009.

After administratively challenging the BOP's calculation of his GCT, Jackson filed a § 2241 habeas corpus petition in the District Court. In his habeas petition, Jackson argues that the BOP's calculation of his GCT deprives him of the amount to which he is entitled by statute. Jackson asserts that § 3624(b) allows him to earn up to 54 days per year based on the term of sentence imposed, not 54 days per year based on time actually served as the BOP's calculation provides. The District Court rejected Jackson's position and denied his habeas petition. Jackson appeals.[1]

We will affirm the District Court's order. As the District Court correctly stated, we resolved this issue in O'Donald v. Johns, 402 F.3d 172 (3d Cir. 2005). In O'Donald, we held that the meaning of § 3624(b) is ambiguous and thus deferred to the BOP's

---

[1]We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact. See Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir. 2002).

reasonable interpretation of the statute.  See id. at 174.  Jackson's challenge, identical to the one raised and rejected in O'Donald, is unavailing.[2]

In short, we conclude that Jackson's appeal is controlled by O'Donald and thus presents no substantial question.  Accordingly, we will summarily affirm the District Court's order.  See Third Circuit L.A.R. 27.4, I.O.P. 10.6.

---

[2]    We note Jackson's suggestion that we overrule O'Donald.  We lack the authority to do so, however – only the Court en banc has such authority.  See Third Circuit Internal Operating Procedure 9.1. We note also that on October 4, 2005, the Court denied David O'Donald's petition for rehearing en banc.