

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-30-2005

# De La Cruz Disla v. Hogsten

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4488

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"De La Cruz Disla v. Hogsten" (2005). *2005 Decisions.* Paper 195.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/195

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4488
_____

MANUEL R. DE LA CRUZ DISLA,
                                        Appellant

v.

KAREN F. HOGSTEN, Warden

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civil No. 05-cv-01857)
District Judge: Honorable Edwin M. Kosik

_____

Submitted For Possible Summary Action
Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
November 10, 2005

Before:  RENDELL, AMBRO and GREENBERG, Circuit Judges.

(Filed November 30, 2005)
_____

OPINION OF THE COURT
_____

PER CURIAM

    Manuel De La Cruz Disla appeals from the District Court's order denying his

habeas corpus petition filed pursuant to 28 U.S.C. § 2241.  In his habeas petition, Disla

seeks to challenge the calculation of his good conduct time (GCT) by the Bureau of

Prisons (BOP). For the following reasons, we will vacate the District Court's order and remand with instructions to dismiss the petition for lack of habeas jurisdiction.

In November 2004, Disla was sentenced in the Eastern District of New York to 37 months in prison for importing cocaine. Disla served a portion of his sentence at FCI Allenwood Low in White Deer, Pennsylvania. While at FCI Allenwood Low, the BOP calculated Disla's GCT based on the time he will actually serve in prison, not on the length of the sentence imposed, and informed Disla his projected release date.

In September 2005, Disla attempted to challenge the BOP's method of calculation by filing the current habeas corpus petition in the Middle District of Pennsylvania. In his petition, Disla names Karen F. Hogsten, Warden at FCI Allenwood Low, as respondent. At the bottom of his petition, Disla writes his address as "NEOCC," Youngstown, Ohio.[1] In denying Disla's petition, the District Court cited O'Donald v. Johns, 402 F.3d 172 (3d Cir. 2005), as controlling precedent rejecting Disla's position.

Although the District Court is correct that O'Donald governs the GCT issue raised in Disla's petition, the District Court apparently overlooked that he is housed at a correctional facility outside the Middle District of Pennsylvania. The District Court thus neglected to recognize that Disla failed to name his immediate custodian as respondent. Under the federal habeas statute, the proper respondent is the person who has immediate

---

[1]According to the BOP's website, Disla is housed at Northeast Ohio Correctional Center. See http://www.bop.gov/DataSource/execute/dsFacilityAddressLoc? start=y&facilityCode=NEO.

2

custody over the petitioner. See 28 U.S.C. §§ 2242, 2243; Rumsfeld v. Padilla, 124 S. Ct. 2711, 2720 (2004). As we have previously held, the immediate custodian is the warden of the facility where the petitioner is held because that person "has day-to-day control over the prisoner" and can "produce the actual body." Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994).

At the time Disla filed his petition, he was in custody at a facility in Ohio, not in the Middle District of Pennsylvania.[2] His immediate custodian is the Warden at the Ohio facility, not the Warden at FCI Allenwood Low. The District Court's habeas jurisdiction is limited to the Middle District of Pennsylvania. Id. Accordingly, the District Court should have dismissed Disla's petition for lack of habeas jurisdiction.[3]

Because the District Court lacked habeas jurisdiction to consider Disla's petition, we will summarily vacate the District Court's order. We will remand with instructions to dismiss the petition for lack of jurisdiction.

---

[2] In addition to the Ohio address affixed to the petition, the inmate account statement accompanying Disla's application to proceed in forma pauperis, filed concurrently with the habeas petition, is certified by the business manager at the Ohio facility.

[3] Upon determining that it lacked jurisdiction, the District Court normally would consider whether the interests of justice require transferring Disla's habeas petition to the district court having jurisdiction. See 28 U.S.C. § 1631. Recently, the Sixth Circuit (the judicial circuit which encompasses Ohio) expressly adopted our holding in O'Donald and rejected Disla's position. See Petty v. Stine, 424 F.3d 509, 510 (6th Cir. 2005). Accordingly, transferring Disla's habeas petition to a district court in Ohio would not serve the interests of justice.