

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-19-2006

# Dickens v. Lindsay

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1260

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Dickens v. Lindsay" (2006). *2006 Decisions.* Paper 727.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/727

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-260                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 06-1260
_____

ALEX DICKENS

v.

CAMERON LINDSAY, Warden
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-cv-02573)
District Judge:  Honorable William W. Caldwell
_____

Submitted For Possible Summary Action
Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
June 29, 2006

Before:  SLOVITER, McKEE and FISHER, <u>CIRCUIT JUDGES</u>.

(Filed:  July 19, 2006)
_____

OPINION
_____

PER CURIAM

        Alex Dickens appeals from the District Court's order denying his habeas corpus

petition filed pursuant to 28 U.S.C. § 2241.  In his habeas petition, Dickens challenges the

calculation of his good conduct time (GCT) by the Bureau of Prisons (BOP).  Because we

conclude that Dickens' appeal presents no substantial question, we will summarily affirm the District Court's order.

Dickens is currently serving a federal sentence of 60 months imposed in 2005. The BOP projects Dickens' release date as August 14, 2006. The BOP's calculation of GCT is based on the time Dickens will actually serve in prison, not on the entire 60-month sentence imposed. Dickens disagrees with the BOP's calculation.

After administratively challenging the BOP's calculation, Dickens filed a § 2241 habeas corpus petition in the District Court. In his habeas petition, Dickens argues that the BOP's calculation of his GCT deprives him of the amount to which he is entitled by statute. The District Court rejected Dickens' argument and denied his habeas petition. Dickens appeals.[1]

We will affirm the District Court's order. As the District Court correctly stated, we resolved this issue in O'Donald v. Johns, 402 F.3d 172 (3d Cir. 2005), cert. denied, 126 S. Ct. 1906 (2006). In O'Donald, we held that the meaning of § 3624(b) is ambiguous and thus deferred to the BOP's reasonable interpretation of the statute. See id. at 174.

---

[1]We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact. See Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir. 2002).

2

In short, Dickens' appeal is controlled by O'Donald and presents us with no substantial question. Accordingly, we will summarily affirm the District Court's order. See Third Circuit L.A.R. 27.4, I.O.P. 10.6.