DLD-032                                                                                                           NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3134
_____

CHARLES SMITH,
                                                     Appellant

v.

DONNA ZICKEFOOSE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-12-cv-03270)
District Judge:  Honorable Renee M. Bumb

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 8, 2012

Before:  AMBRO, SMITH and CHAGARES, Circuit Judges

(Opinion filed: December 11, 2012)
_____

OPINION
_____

PER CURIAM

Charles Smith, proceeding pro se, appeals the United States District Court for the

District of New Jersey's order dismissing Smith's petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2241.  Because this appeal does not present a substantial question

we will summarily affirm for principally the same reasons as given in the District Court's order.

## I.

In 2006, Smith pleaded guilty to travel in interstate commerce for the purpose of engaging in illicit sexual conduct. The United States District Court for the Middle District of Pennsylvania sentenced Smith to 120 months in prison and Smith appealed. On February 26, 2008, this Court affirmed the judgment of the District Court. Smith did not petition the United States Supreme Court for a writ of certiorari. Smith is currently imprisioned at Federal Correctional Institute Fort Dix in New Jersey.

On March 9, 2011, Smith filed a motion to vacate pursuant to 28 U.S.C. § 2255. In the motion, Smith argued that his trial counsel was ineffective and that he had newly discovered evidence relating to his psychological problems and mental ability. The District Court determined that the motion was untimely because it was filed outside the one-year statute of limitations period, but granted the parties an opportunity to brief whether equitable tolling should be granted. In response, Smith filed a motion for reconsideration that the District Court construed as his brief addressing the timeliness issue. The District Court, after review of Smith's arguments, dismissed the § 2255 motion as untimely and declined to issue a certificate of appealability. Smith moved for reconsideration in May 2012, and the District Court, after explaining that Smith essentially reasserted the same arguments as in his previous motion, denied relief in July 2012.

Smith filed the instant petition for a writ of habeas corpus on May 31, 2012, in the United States District Court for the District of New Jersey. In his petition Smith raised claims of ineffective assistance of counsel and newly discovered evidence relating to his psychological and mental status, similar to those in his § 2255 motion. The District Court dismissed the petition for lack of jurisdiction because Smith failed to show that 28 U.S.C. § 2255 afforded an inadequate or ineffective remedy that would then permit Smith to challenge his conviction and sentence through 28 U.S.C. § 2241. Smith appealed and the Clerk alerted the parties that the appeal was being considered for possible summary action.

## II.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). We "exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of facts." O'Donald v. Johns, 402 F.3d 172, 173 n.1 (3d Cir. 2005). We may summarily affirm if the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

## III.

Upon review, we conclude that the District Court properly dismissed Smith's § 2241 petition for lack of jurisdiction. Apart from whether Smith's petition was successive pursuant to 28 U.S.C. § 2244(a), it is apparent that his claims are not viable under § 2241.

A federal prisoner's challenge to the legality of his conviction and sentence must be raised in a § 2255 motion, except where the remedy under § 2255 would be "inadequate or ineffective." 28 U.S.C. § 2255; see In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). This occurs "only where the petitioner demonstrates that some limitation of scope or procedure would prevent" the petitioner from receiving adequate adjudication of his or her claims. Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). The remedy's inefficacy, rather than a prisoner's inability to use it, is determinative. Id. The exception is extremely narrow and applies only in rare circumstances. See, e.g., Dorsainvil, 199 F.3d at 251-52. The fact that Smith previously filed a § 2255 motion that was denied as untimely, and thus faces the strict gatekeeping requirements that apply to second or successive § 2255 motions, does not serve to make § 2255 inadequate or ineffective. See id. at 251. Moreover, Smith's assertion that his mental and psychological problems coupled with ineffective assistance of counsel caused him to enter a plea without full understanding of its effects does not present the "unusual circumstance" in which a § 2255 motion is inadequate or ineffective. See id. (noting that a § 2255 motion would be inadequate or ineffective where an intervening change in substantive law made the crime for which the petitioner was convicted non-criminal).

## IV.

In short, Smith did not show that § 2255 is "inadequate or ineffective." Accordingly, the District Court did not err in dismissing his § 2241 petition for lack of jurisdiction. For essentially the reasons set forth by the District Court, we will summarily

4

affirm the District Court's order dismissing Smith's § 2241 petition.  <u>See</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6.