**ALD-081**                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3227
_____

JUAN ANTONIO QUINTANILLA,

Appellant

v.

ARCHIE LONGLEY, Warden

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 10-cv-00279)
Magistrate Judge:  Honorable Maureen P. Kelly

_____

Submitted on Appellant's Motion to Reopen and Motion for Leave to Appeal *In Forma Pauperis* and for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 10, 2013

Before:  SLOVITER, VANASKIE and WEIS, <u>Circuit</u> <u>Judges</u>
(Opinion filed:  January 22, 2013)
_____

OPINION
_____

PER CURIAM .

     Juan Antonio Quintanilla, a federal prisoner, filed a petition pursuant to 28 U.S.C.

§ 2241 to challenge disciplinary sanctions he received (including the loss of 27 days of

good conduct time ("GCT") credits) after an altercation with another prisoner.  He

1

claimed that he was deprived of his right to due process in the disciplinary proceedings. More specifically, he contended that there was a conspiracy against him based on his race and national origin (which he described as Hispanic). In support, he alleged that those involved in the disciplinary proceedings favored the other inmate because he is African-American (in order "to please the warden who is an African American"). Quintanilla also contended that the disciplinary hearing officer ("DHO") should have watched the surveillance video of the incident.

The District Court denied Quintanilla's petition. Quintanilla filed a timely notice of appeal, but his appeal was subsequently closed for failure to pay the fees or submit an application to proceed *in forma pauperis* ("*ifp*"). He presents a timely motion to reopen and an *ifp* motion, both of which we grant. See 3d Cir. L.A.R. Misc. 107.2(a); 28 U.S.C. § 1915(a); Walker v. People Express Airlines, Inc., 886 F.2d 598, 601 (3d Cir. 1989).

We have jurisdiction pursuant to 28 U.S.C. ' 1291.[1] We "exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact." See O'Donald v. Johns, 402 F.3d 172, 173 n.1 (3d Cir. 2005); see also United States v. Friedland, 83 F.3d 1531, 1542 (3d Cir. 1996) ("Our review of the district court's order denying . . . relief under 28 U.S.C. § 2241 is plenary."). Upon review, we will summarily affirm the District Court's judgment because no substantial issue is presented on appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

---

[1] The parties consented to proceed before a Magistrate Judge. See 28 U.S.C. § 636(c).

Due process protections attach in prison disciplinary proceedings in which the loss of GCT is at stake. See Wolff v. McDonnell, 418 U.S. 539, 564-65 (1974). In Wolff, the Supreme Court held that an inmate must receive "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." Superintendent v. Hill, 472 U.S. 445, 454 (1985).

In Hill, the Supreme Court further explained that to meet the minimum requirements of due process, the findings of the prison disciplinary board must also be supported by some evidence in the record. See id. The "some evidence" standard "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Id. at 455. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-56.

To the extent that Quintanilla presented a procedural due process claim, we agree with the District Court that the procedural protections required by Wolff were provided. Also, as the District Court explained with reference to the evidence submitted by the defendant, there was some evidence to support the conclusion reached by the DHO (namely, the statement of the reporting officer who witnessed the incident). Although Quintanilla contended that the DHO would not watch the surveillance video, the reporting officer's statement on which the DHO relied satisfies the Hill standard

3

regardless of the potential existence of other evidence.

The District Court also properly rejected Quintanilla's claim of racial animus, whether it is viewed as a claim of a violation of Quintanilla's substantive due process rights, as he asserted, or as a claim of a violation of the right to equal protection grounded in the due process clause of the Fifth Amendment. See, e.g., Phillips v. Perry, 106 F.3d 1420, 1427 (9th Cir. 1997) (explaining that "substantive due process and equal protection doctrine are intertwined for purposes of federal action") (internal quotation marks and citation omitted). The claim is belied by record evidence. Despite Quintanilla's assertion to the contrary, the other inmate involved in the fight was given harsher sanctions than Quintanilla was.

For these reasons, we will affirm the District Court's judgment.[2]

_____

_____

[2] As we noted above, Quintanilla's motion to reopen and *ifp* motion are granted.