GLD-096                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3993
_____

MARK GRAPES,
                              Appellant

v.

WARDEN SAUERS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-12-cv-01442)
District Judge:  Honorable Robert D. Mariani

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 17, 2013

Before:  FUENTES, FISHER and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 28, 2013)
_____

OPINION
_____

PER CURIAM

　　　Mark Grapes, proceeding pro se, appeals the United States District Court for the

Middle District of Pennsylvania's order dismissing Grapes's petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2241.  Because this appeal does not present a substantial

question we will summarily affirm for principally the same reasons as given in the District Court's order.

I.

In 2005, Grapes pled guilty to distribution of methamphetamine pursuant to 21 U.S.C. § 841(a)(1) and use, carry, and possession of a firearm in relation to a drug trafficking crime pursuant to 18 U.S.C. § 924(c)(1). In October 2006, the United States District Court for the Northern District of West Virginia sentenced Grapes to 60 months for the distribution charge and to 87 months for the firearm charge, which were to run consecutively, for a total of 147 months in prison. Grapes did not file a direct appeal nor a motion pursuant to 28 U.S.C. § 2255. Grapes did file a motion in the District Court requesting sentencing transcripts in July 2007. In June 2009, the District Court denied the motion requesting sentencing transcripts because neither an appeal nor a § 2255 motion was pending and Grapes provided no reason why he requested the transcripts.

In October 2010, Grapes filed a motion pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure requesting that the District Court modify his sentence to make the 60 months and 87 months prison terms run concurrently rather than consecutively. The District Court denied the Rule 60(b)(6) motion. Grapes appealed the District Court's order denying his motion and in January 2011 the United States Court of Appeals for the Fourth Circuit affirmed the decision.

In July 2012, Grapes filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania. In his petition, Smith argued that he was actually innocent of the firearm offense because

2

there was no evidence that the firearm, found behind a seat in Grapes's vehicle, was actively employed in furtherance of his drug trafficking offense. Grapes also argued that the District Court for the Northern District of Virginia rendered § 2255, which has a one year limitation period, inadequate or ineffective because the court took almost two years to rule on his motion requesting sentencing transcripts and he could not file a § 2255 motion without the transcripts.

The District Court denied Grapes's petition for lack of jurisdiction because Grapes improperly challenged his conviction and sentence under § 2241. The District Court determined that Grapes had not demonstrated that § 2255 afforded an inadequate or ineffective remedy that would permit Grapes to challenge his conviction and sentence through § 2241. Grapes appealed and the Clerk alerted the parties that the appeal was being considered for possible summary action.

## II.

We have jurisdiction pursuant to 28 U.S.C. §§1291 and 2253(a). We "exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of facts." O'Donald v. Johns, 402 F.3d 172, 173 n.1 (3d Cir. 2005). We may summarily affirm if the appeal presents no substantial question. See 3d Cir. LAR 27.4; I.O.P. 10.6.

## III.

Upon review, we conclude that the District Court properly dismissed Grapes's § 2241 petition for lack of jurisdiction.

A federal prisoner's challenge to the legality of his conviction and sentence must be raised in a § 2255 motion. See 28 U.S.C. §2255(a). A § 2255 motion must be filed in the sentencing court, which in this case would be the District Court for the Northern District of West Virginia. Id. However, there is an exception to the requirement that a conviction or sentence be challenged under § 2255 where the remedy would be "inadequate or ineffective." 28 U.S.C. § 2255(e); see In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). This occurs "only where the petitioner demonstrates that some limitation of scope or procedure would prevent" the petitioner from receiving adequate adjudication of his claims. Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). The remedy's inefficacy, rather than a prisoner's inability to use it, is determinative. Id. This exception is extremely narrow and applies only in rare circumstances. See, e.g., Dorsainvil, 119 F.3d at 251-52. The fact that the one year period of limitation for Grapes to file a § 2255 motion has run does not render § 2255 inadequate or ineffective. Cradle, 290 F.3d at 539.

We agree with the District Court that Grapes has not shown that his claims could not have been raised earlier. Although Grapes argued that the almost two-year pendency of his motion requesting sentencing transcripts prohibited him from filing a direct appeal or timely § 2255 motion, he has not shown what claims he can make today that he could not have made during the one year limitation period of § 2255. We also agree with the District Court that Grapes has not established that he acted diligently in pursuing his claims. In sum, Grapes cannot show that his lack of sentencing transcripts entitles him to use the safety valve provided by § 2255(e). See Dorsainvil, 119 F.3d at 251.

4

Further, we agree with the District Court that Grapes's claim of actual innocence does not entitle him to use the safety valve exception. His claim relied on the United States Supreme Court's holding in Bailey v. United States, in which the Court interpreted § 924(c)(1) to require "active employment of the firearm by the defendant" in order to support a conviction. 516 U.S. 137, 142 (1995). In In re Dorsainvil, the petitioner argued that his conduct was made noncriminal in light of Bailey, and given his inability to proceed under § 2255 we held that he could use § 2241 to challenge his conviction for a crime that an intervening change in the substantive law may have negated. Dorsainvil, 119 F.3d at 251. Unlike the petitioner in Dorsainvil, Grapes does not rely on an intervening change in law to argue that his conduct is noncriminal; Bailey was decided well before Grapes's conviction, sentencing, and § 2255's one-year limitation period expired. His failure to raise his claim on direct appeal or pursuant to a § 2255 motion does not mean that he lacked an earlier opportunity to challenge his conviction and sentence on the ground now asserted.

## IV.

In short, Grapes did not show that § 2255 is "inadequate or ineffective." Accordingly, the District Court did not err in dismissing his § 2241 petition. We will affirm the District Court's judgment. See 3d Cir. LAR 27.4; I.O.P. 10.6.