**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4058
_____

ANTHONY BECKHAM,
                                  Appellant
v.

UNITED STATES OF AMERICA

_____

On Appeal from the United States District Court
for the District of New Jersey
(No. 3-12-cv-04817)
District Judge:  Honorable Peter G. Sheridan

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 18, 2015

Before:  FISHER, CHAGARES, and JORDAN, Circuit Judges.

(Filed: October 5, 2015)

_____

OPINION[*]
_____

CHAGARES, Circuit Judge

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Anthony Beckham appeals the District Court's denial of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2241. For the reasons that follow, we will affirm.

I.

We write exclusively for the parties and therefore set forth only those facts that are necessary to our disposition. On March 5, 2006, Beckham was arrested by the Jersey City Police Department and charged in New Jersey state court with weapons-based offenses. He was charged with aggravated assault after an incident that took place on June 2, 2006, in which he assaulted correctional officers while at the Hudson County Jail. On July 20, 2006, while these state charges were pending, he was indicted by a grand jury in the District of New Jersey for a violation of 18 U.S.C. § 922(g).

On September 6, 2006, the federal government took temporary custody of Beckham from the state of New Jersey pursuant to a writ of habeas corpus ad prosequendum. On May 14, 2007, Beckham pleaded guilty to one count of violating 18 U.S.C. § 922(g). On October 31, 2007, he was sentenced by the United States District Court for the District of New Jersey to a term of 86 months of imprisonment followed by three years of supervised release (the "Federal Sentence").

Beckham was then returned to New Jersey state custody. On November 16, 2007, he was sentenced in state court to five years of imprisonment (the "State Sentence"). The state court judgment of conviction provided that Beckham's State Sentence would be served "concurrent to . . . federal sentence." On August 31, 2012, Beckham completed

2

serving his State Sentence and was transferred to federal custody to serve his Federal Sentence.

Beckham filed an administrative grievance challenging the Bureau of Prisons ("BOP") calculation of the Federal Sentence and requesting that the BOP nunc pro tunc designate the facility in which he had served his State Sentence as the facility in which he would also serve his Federal Sentence. This designation would have allowed the two sentences to run concurrently instead of consecutively. On March 1, 2013, the BOP denied this request, explaining in a letter that it had considered the relevant factors in BOP Program Statement 5160.06 and 18 U.S.C. § 3621(b) and had determined that a nunc pro tunc designation was not appropriate given Beckham's criminal history and the nature of his offenses. In its explanation, the BOP also noted that there is a presumption that terms of imprisonment imposed at different times run consecutively unless the court orders otherwise, and here the Federal Sentence did not specify that it was to run concurrently.

On August 2, 2012, Beckham filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. He argued that the BOP had abused its discretion in denying him a nunc pro tunc designation. The District Court held oral argument on the motion and ultimately denied the petition. It first found that the motion should be construed as a petition filed under 28 U.S.C. § 2241 (rather than § 2255) because Beckham challenged only the execution, as opposed to the validity, of his sentence. It further found that the BOP had not abused its discretion in denying Beckham's request.

Beckham timely appealed.

## II.[1]

Beckham challenges the District Court's denial of his motion and determination that the BOP did not abuse its discretion in denying his application for a nunc pro tunc designation. Under 18 U.S.C. § 3585(b), a federal inmate shall receive credit against his federal sentence for "any time he has spent in official detention prior to the date the sentence commences," unless that time has been "credited against another sentence." Here, Beckham does not dispute that he received credit for the time he spent in state custody against his State Sentence.

Beckham alleges that he is also entitled to receive this credit against his Federal Sentence because the state court judgment states that he was to serve his State Sentence concurrently with any Federal Sentence. Under 18 U.S.C. § 3584(a), there is a presumption that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Here, the federal sentencing judge made no such pronouncement and neither the BOP nor District Court are bound by the state court's recommendation that Beckham serve his sentences concurrently. Barden v. Keohane, 921 F.2d 476, 478 n.4 (3d Cir. 1990) ("[N]either the

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 2241, and we have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). We "exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact." O'Donald v. Johns, 402 F.3d 172, 173 n.1 (3d Cir. 2005) (per curiam). We review the BOP's denial of a nunc pro tunc designation for an abuse of discretion. Barden v. Keohane, 921 F.2d 476, 478 (3d Cir. 1990).

federal courts nor the [BOP] are bound in any way by the state court's direction that the state and federal sentences run concurrently.").

The District Court found that the BOP reviewed the relevant factors under 18 U.S.C. § 3621(b).  It held that the BOP did not abuse its discretion in denying Beckham's application for a <u>nunc pro tunc</u> designation given the nature of Beckham's offenses, his criminal history, and the lack of a statement from the federal court to overcome the statutory presumption that the sentences run consecutively. We agree that the BOP did not abuse its broad discretion in denying Beckham's application and hold that the District Court did not err in denying Beckham's petition.

III.

For the foregoing reasons, we will affirm the judgment of the District Court.