

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-17-2005

# Panek v. Apker

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1200

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Panek v. Apker" (2005). *2005 Decisions.* Paper 215.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/215

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1200
_____

ALEXANDER PANEK,

Appellant

v.

CRAIG APKER, Warden, Allenwood Low Security Correctional Institution

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 04-cv-02107)
District Judge: Honorable Sylvia H. Rambo

_____

Submitted Under Third Circuit LAR 34.1(a)
November 2, 2005

Before: MCKEE, FUENTES AND NYGAARD, CIRCUIT JUDGES

(Filed: November 17, 2005)

_____

OPINION

_____

PER CURIAM

Alexander Panek, presently incarcerated at a federal facility in Allenwood,

Pennsylvania, appeals the district court's denial of a habeas petition that he brought

pursuant to 28 U.S.C. § 2241. We will affirm.

In 2000, Panek was sentenced by the United States District Court for the Northern District of New York to 151 months in prison. Pursuant to 18 U.S.C. § 3624(b), Panek is eligible to earn good conduct time. That statute provides, in pertinent part:

> [A] prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

§ 3624(b)(1). Based on its interpretation of this text, the Bureau of Prisons (BOP) calculated that Panek would be able to earn up to 592 days of good conduct time. BOP's Response, 2. In Panek's view, however, he should be able to earn up to 680 days. Habeas Petition, 4.

BOP's calculation of a prisoner's good conduct time is based on the time actually served in prison. Its calculation accounts for the fact that the prisoner's sentence is incrementally shortened as good conduct time is awarded each year. See O'Donald v. Johns, 402 F.3d 172, 173 (3d Cir. 2005), rehearing en banc denied (order entered October 4, 2005). Appealing to what he views as the plain language of the statute, Panek argues, however, that he is entitled to earn up to 54 days per year based on the sentence imposed by the judge, not a lesser quantity based on time actually served. See Appellant's Brief, 2-10.

As he is aware, see Reply Brief, *passim*, Panek's claim is identical to that raised and rejected by a panel of this court in O'Donald. There, we held that § 3624(b) is ambiguous and deferred to BOP's interpretation of the statute. O'Donald, 402 F.3d at 174. Panek asks us to disregard O'Donald's holding, but we are not free to do so. See I.O.P. 9.1 ("the holding of a panel in a precedential opinion is binding on subsequent panels"); Auguste v. Ridge, 395 F.3d 123, 149 (3d Cir. 2005). We note, too, that the court recently denied rehearing *en banc* in O'Donald. Accordingly, for the reasons set out in O'Donald, we must conclude that the district court properly rejected Panek's challenge to BOP's calculation of his good conduct time.

For the reasons given, we will affirm the judgment of the district court.