

Villanova University School of Law
Villanova University School of Law Digital Repository

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-6-2006

# Gonzalez v. Holt

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1518

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Gonzalez v. Holt" (2006). *2006 Decisions.* Paper 1298.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1298

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1518
_____

FRANCISCO GONZALEZ,
Appellant

v.

RONNIE HOLT, Warden, FCI-Schuylkill; A. LEONARD, Unit
Manager, FCI-Schuylkill; Mr. PLESH, Case Manager,
FCI-Schuylkill; BOP ADMINISTRATIVE REMEDY COORDINATOR
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
District Judge: Honorable Richard P. Conaboy
(D.C. Civ. No. 05-cv-00086)
_____

Submitted Under Third Circuit LAR 34.1(a)
May 27, 2005

BEFORE: ROTH, McKEE and ALDISERT, <u>CIRCUIT JUDGES</u>

(Filed: April 6, 2006 )

_____

OPINION
_____

PER CURIAM.

Appellant Francisco Gonzalez pled guilty in the United States District Court for

the Southern District of New York to one count of conspiracy to commit robbery

affecting interstate commerce, in violation of 18 U.S.C. § 1951. On September 13, 2000, he was sentenced to 151 months in prison. On January 13, 2005, Gonzalez commenced this 28 U.S.C. § 2241 habeas corpus proceeding in the United States District Court for the Middle District of Pennsylvania, claiming that the Bureau of Prisons (BOP) has erred in projecting his release date based on its award of good-time credits. According to Gonzalez, he is entitled to an award of 679 days of good-time credit over the life of his sentence rather than the 592 days that the BOP has projected he will earn based on the actual amount of time Gonzalez will serve. Gonzalez contends that the BOP has misinterpreted 18 U.S.C. § 3624(b).

The District Court denied the habeas petition, concluding that the BOP's method of calculating good-time credit is not arbitrary, capricious, or contrary to the language of § 3624(b). Gonzalez timely filed this appeal. We have appellate jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a).

In O'Donald v. Johns, 402 F.3d 172 (3d Cir. 2005), this Court recently rejected the same argument that Gonzalez advances here. In O'Donald, we held that although the meaning of § 3624(b) is ambiguous, we must defer to the BOP's reasonable interpretation of the statutory language. Id. at 174. Gonzalez's challenge to the calculation of his good-time credit is identical to that raised and rejected in O'Donald. As such, we will affirm the District Court's denial of the habeas petition.