

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-18-2007

# Wyllie v. Hogsten

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1603

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Wyllie v. Hogsten" (2007). *2007 Decisions*. Paper 727.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/727

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-291                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1603
_____

BARRY WYLLIE, Appellant

v.

WARDEN K. HOGSTEN

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 06-cv-00291)
District Judge:  Honorable William W. Caldwell

_____

Submitted For Possible Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
June 28, 2007

Before:  BARRY, AMBRO and FISHER, Circuit Judges.

(Filed: July 18, 2007 )
_____

OPINION
_____

PER CURIAM

Barry Wyllie appeals from the District Court's order denying his habeas petition

filed pursuant to 28 U.S.C. § 2241.  In his habeas petition, Wyllie challenges the

calculation of his good conduct time ("GCT") by the Bureau of Prisons ("BOP").

Because we conclude that Wyllie's appeal presents no substantial question, we will summarily affirm the District Court's order.

In January 1998, Wyllie was sentenced in the United States District Court for the Eastern District of New York to 100 months imprisonment to be followed by a three-year term of supervised release for affecting commerce by robbery in violation of 18 U.S.C. § 1951(a). He was also sentenced to a consecutive sixty-month term of imprisonment for violating 18 U.S.C. § 924(c)(1). The BOP projects Wyllie's release date will be in April 2008. The calculation of Wyllie's GCT is based on the time Wyllie will actually serve in prison, not on the entire 160-month sentence. Wyllie disagrees with the BOP's calculation and states that he should be released on December 27, 2007.

After administratively challenging the BOP's calculation, Wyllie filed this § 2241 petition. In the habeas petition, Wyllie argues that the BOP's calculation of his GCT deprives him his entitled GCT.[1] The Magistrate Judge recommended denying the habeas petition. Ultimately, the District Court adopted the Magistrate Judge's report and recommendation. Wyllie timely filed a notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact. See Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir. 2002).

---

[1]In the petition, Wyllie asserts eight claims. However, all of Wyllie's claims relate to the BOP's calculation of his GCT.

2

We resolved the issue raised in Wyllie's appeal in <u>O'Donald v. Johns</u>, 402 F.3d 172 (3d Cir. 2005)(per curiam), <u>cert. denied</u>, 126 S. Ct. 1906 (2006). In <u>O'Donald</u>, we stated that the meaning of 18 U.S.C. § 3624(b) is ambiguous. Thus, we deferred to the BOP's reasonable interpretation of the statute. <u>See</u> <u>O'Donald</u>, 402 F.3d at 174. Wyllie's appeal is controlled by our decision in <u>O'Donald</u> and presents us with no substantial question. Therefore, we will grant the Appellee's motion and summarily affirm the District Court's order.

3