

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-6-2007

# Sash v. Miner

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1740

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Sash v. Miner" (2007). *2007 Decisions*. Paper 469.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/469

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-343                                                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-1740
_____

ELIOT S. SASH,

Appellant

v.

WARDEN JONATHAN MINER, OF LSCI ALLENWOOD;
THE FEDERAL BUREAU OF PRISONS

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 07-cv-00139)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
August 16, 2007

BEFORE: RENDELL, SMITH and JORDAN, CIRCUIT JUDGES

(Filed September 6, 2007)
_____

OPINION
_____

PER CURIAM

     Appellant Eliot Sash, proceeding pro se, appeals the District Court's denial of his

28 U.S.C. § 2241 petition.  For the reasons stated below, we will dismiss this appeal

pursuant to 28 U.S.C. § 1915(e)(2)(B).

In January 2007, Appellant filed a petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania, contesting the method used by the Federal Bureau of Prisons ("BOP") to calculate his good conduct time ("GCT") credits pursuant to 18 U.S.C. § 3624(b). Appellant argues that the BOP's application of the same formula both to prisoners whose sentences range between one year and one day and thirteen months, and to prisoners whose sentences exceed thirteen months, leads to a result which contradicts the plain language of the statute. He also claims that the BOP's own internal regulations, Program Statements 5884.03[1] and 5100.08, use contradictory methods of calculating GCT. Accordingly, he maintains that the BOP's interpretation of § 3624(b) is inherently unreasonable and is therefore not entitled to Chevron deference. See Chevron, U.S.A., Inc. v. Natural Res. Def. Council, 467 U.S. 837, 844 (1984). In his petition, Appellant requested that the District Court issue an order to show cause directing the BOP to explain why it applies GCT credits to the prisoners whose sentences range between one year and one day and thirteen months in excess of the amount permitted by the statute. He also requested that the District Court order the BOP to recalculate his GCT credits to reflect his interpretation of § 3624(b).

The District Court referred the petition to a Magistrate Judge, who recommended that the petition be dismissed due to Appellant's failure to exhaust his administrative

_____

[1]Appellant actually refers to Program Statement 5884.01. However, that directive was rescinded and replaced by 5884.03, effective December 5, 2005.

2

remedies, or in the alternative, that it be dismissed under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which provides for pre-answer dismissal of habeas petitions which are plainly without merit. Appellant objected, arguing that exhaustion would be futile and unduly prejudicial in light of his imminent release date.[2] He further maintained that the Magistrate Judge failed to address his argument, which is that while the BOP's interpretation of § 3624(b) would be entitled to Chevron deference if it was reasonable, it is unreasonable, as demonstrated by the various contradictions highlighted by Appellant in his petition, and thus not entitled to deference.

The District Court held that, in light of the fact that the law in this area was clearly established at the time Appellant filed his petition, exhaustion would have been futile, and therefore, declined to dismiss the petition on this ground. However, because Appellant's petition lacked merit, the District Court dismissed it pursuant to Rule 4. Appellant then filed a motion requesting either reconsideration or, in the alternative, a certificate of appealability. In his motion, Appellant recognized the existing case law on the reasonableness of the BOP's interpretation of § 3624(b), but claimed that he was raising a distinct claim, which, in fact, had never been addressed by any court – that the BOP is illegally releasing prisoners whose sentences range between one year and one day and thirteen months before the time required by § 3624(b). The District Court granted Appellant's motion for a certificate of appealability, and Appellant timely filed a notice of

---

[2]The BOP has projected a release date for Appellant of December 2, 2007.

appeal.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Because Appellant has been granted in forma pauperis status pursuant to 28 U.S.C. § 1915, we review this appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).[3] An appeal may be dismissed if it has no arguable basis in law or fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Appellant is at least in part challenging the BOP's calculation of his GCT credits. As explained earlier, Appellant requested that the District Court order the BOP to recalculate his GCT credits to reflect his interpretation of § 3624(b), i.e., that he is entitled to the full 54 days referred to in § 3624(b), based on his sentence of two years. As set out in the Magistrate Judge's Report and Recommendation, this Court squarely addressed this question in O'Donald v. Johns, 402 F.3d 172 (3d Cir. 2005), in which we held that the BOP's interpretation of "term of imprisonment" and, accordingly, its policy of prorating GCT based on the amount of time actually served by the prisoner rather than the length of the sentence, was reasonable. See id. at 174. Thus, to the extent Appellant challenges the BOP's determination, and argues that its interpretation of the statute is not reasonable, we hold that his claim is meritless based on our decision in O'Donald. While recognizing our prior case law, Appellant also claims that he is raising an issue of first

---

[3]We note that, while the District Court granted Appellant's request for a certificate of appealability, no such permission is required to appeal from the denial of a § 2241 petition by a federal prisoner. See 28 U.S.C. § 2253(c)(1); Drax v. Reno, 338 F.3d 98, 106 n.12 (2d Cir. 2003).

4

impression; that is, whether the BOP is illegally releasing prisoners whose sentences range between one year and one day and thirteen months before the time required by § 3624(b). To the extent Appellant seeks to raise this as a separate claim, rather than as a justification for his position that the BOP's interpretation of the statute is unreasonable, we hold that he lacks standing to do so, as he was sentenced to two years in federal prison, and therefore is unaffected by this situation. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (holding that, to establish standing, litigant must demonstrate, among other things, a concrete and particularized, actual or imminent, injury in fact).

Based on the foregoing, we conclude that this appeal is without merit, and accordingly, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).