William C. Miller, Chapter 13 Trustee; Frederic J. Baker, U.S. Trustee, Trustees.

No. 05–4471.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a) Sept. 24, 2007.

Filed: Oct. 24, 2007.

David A. Scholl, Regional Bankruptcy Center of Southeastern PA, Newtown Square, PA, for Benjamin M. Brundage.

Benjamin M. Brundage, Philadelphia, PA, pro se.

Joseph P. Caranci, Jr., Broomall, PA, for Appellant.

Before: McKEE, BARRY, and FISHER, Circuit Judges.

OPINION

McKEE, Circuit Judge:

Helen Waite appeals the decision of the United States District Court for the Eastern District of Pennsylvania affirming the decision of the bankruptcy court ordering her to dismiss the civil complaint that she filed in the Court of Common Pleas of Philadelphia County seeking specific performance of a purchase offer letter for the sale of real estate owned by Benjamin Brundage, and to pay attorney's fees. Both the bankruptcy court and the district court concluded that the plain language of the offer did not constitute a valid agreement of sale, and that assuming *arguendo* that it did, the offer was rejected in Brundage's first bankruptcy. We agree and, for the reasons that follow, will affirm.

Inasmuch as we write primarily for the parties and since the district court has set forth the factual and procedural history of this case, it is not necessary to repeat the factual or procedural background here. *See In re Brundage*, 2005 WL 2206076 (E.D.Pa. Sept. 9, 2005). Moreover, in his Memorandum and Opinion, Judge Stengel has carefully and completely explained his reasons for finding that Waite did not have a valid agreement of sale with Brundage and that Waite's filing of a complaint *lis pendens* violated the bankruptcy stay thereby justifying the award of attorney's fees. We will affirm substantially for the reasons set forth in Judge Stengel thoughtful and thorough Memorandum Opinion.

Craig R. ESPIGH, Appellant

v.

UNITED STATES of America, Cameron Lindsay, Warden, USP Canaan.

No. 07–3107.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Oct. 12, 2007.

Filed: Oct. 24, 2007.

Craig R. Espigh, Butner, NC, pro se.

Michael J. Butler, Office of United States Attorney, Harrisburg, PA, for United States of America, Cameron Lindsay, Warden, USP Canaan.

Before: SLOVITER, FISHER AND HARDIMAN, Circuit Judges.

OPINION

PER CURIAM.

Craig R. Espigh appeals the order from the United States District Court for the Middle District of Pennsylvania denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.[1] In the petition, Espigh challenged the method that the Bureau of Prisons ("BOP") uses to calculate Good Conduct Time ("GCT"). The BOP calculates GCT based upon the amount of time an inmate actually serves, not the amount of time to which the prisoner has been sentenced. Espigh maintains that this method is contrary to what Congress intended when it enacted 18 U.S.C. § 3624(b).

We will summarily affirm the District Court's order denying Espigh's petition. *See* Third Circuit LAR 27.4 and I.O.P. 10.6. Summary action is appropriate where there is no substantial question presented in the appeal. *See* Third Circuit LAR 27.4. In this appeal, there is no substantial question presented. The District Court was correct that our Court has squarely rejected Espigh's argument before. *See O'Donald v. Johns,* 402 F.3d 172, 174 (3d Cir.2005). In *O'Donald,* the petitioner argued that he was entitled to earn up to 54 days of GCT per year of the term of sentence imposed, rather than just on the amount of time actually served. We held that the BOP's interpretation of the statute, whereby it permits GCT to be earned only on time actually served, is reasonable. *See id.* at 174. Accordingly, we find that there is no substantial question presented in this appeal.

We will affirm the District Court's order.

---

1. The District Court's order also denied Espigh's motion to amend his § 2241 petition to include an allegation that his sentence was unconstitutional pursuant to *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). A federal prisoner's challenge to the legality of his sentence and conviction must be raised in a § 2255 motion, except where the remedy under § 2255 would be inadequate or ineffective. *See* 28 U.S.C. § 2255; *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir.2002). Espigh has not shown that § 2255 is inadequate or ineffective to consider the *Booker* claim raised in his motion to amend. We also note that the rule announced in *Booker* does not apply retroactively to cases on collateral review. *See Lloyd v. United States,* 407 F.3d 608, 615–16 (3d Cir.2005). Thus, the District Court did not abuse its discretion in denying the motion to amend. *See Lake v. Arnold,* 232 F.3d 360, 373 (3d Cir.2000).