**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2897
_____

LUIS D. DE LA CRUZ,
                                      Appellant
v.

DONNA ZICKEFOOSE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 10-cv-3325)
District Judge:  Honorable Noel L. Hillman
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 27, 2011
Before:  SLOVITER, FISHER and WEIS, Circuit Judges

(Opinion filed : November 10, 2011)
_____

OPINION
_____

PER CURIAM.

        Luis De La Cruz appeals from an order of the United States District Court

for the District of New Jersey denying his habeas petition filed pursuant to 28 U.S.C. §

2241. For the reasons below, we will summarily affirm the District Court's judgment.

In 2006, De La Cruz was sentenced to 20 years of imprisonment following his conviction on various drug charges. According to the District Court, De La Cruz was classified by the Bureau of Prisons as a deportable alien.[1] Because De La Cruz had not earned a high school diploma, he participated in a Spanish-language GED program. After completing 254 instructional hours in the GED program, De La Cruz voluntarily withdrew on February 28, 2007. As a result, he was placed in "GED unsatisfactory" status as of that date. He reenrolled in the program on August 11, 2008, and earned his GED on November 5, 2008.

Based on his "GED unsatisfactory" status during 2007 and 2008, De La Cruz did not earn the maximum good conduct time of 54 days per year under 18 U.S.C. § 3624(b). Instead, he received 42 days good conduct time because he was not considered an inmate who "has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree." 18 U.S.C. § 3624(b)(1). De La Cruz challenged the calculation of good time credits through BOP's administrative grievance process, alleging that he was entitled to receive 12 additional days of good credit time for each of the two years that his progress was listed as "unsatisfactory." The BOP denied his administrative requests.

De La Cruz filed a petition under 28 U.S.C. § 2241, alleging that the BOP "arbitrarily and capricious[ly] refused to award [him] the full 54 days of earned good

_____

[1] Later, however, the Bureau of Immigration and Customs Enforcement ("BICE") granted De La Cruz's application for citizenship.

conduct time after he completed more than the 240 instructional hours and obtaining a GED." The District Court denied the petition, holding that the BOP "correctly applied the applicable statute and regulations and afforded [De La Cruz] all appropriate process to challenge the award of 42 days good conduct time in 2007 and 2008." De La Cruz appealed. He has filed a motion for appointment of counsel.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact. See Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir. 2002).

Federal prisoners are subject to certain educational requirements, but those requirements differ depending on whether the inmate is a "sentenced deportable alien" or is "subject to a final order of removal, deportation, or exclusion." The requirements are set forth in statutes, regulations, and BOP Program Statements. As a district court in Georgia recently observed, although "[c]onfusion arises from the slight differences between the terminology used in" these sources, they "all refer to essentially the same thing." Reyes-Morales v. Wells, 766 F. Supp. 2d 1349, 1355 n.4 (S.D. Ga. 2011). Here, as the District Court accurately explained, De La Cruz "is confusing the two [of these] educational provisions," 18 U.S.C. §§ 3624(b) and (f).

The Prison Litigation Reform Act ("PLRA") established a "mandatory functional literacy" program for "for all mentally capable inmates who are not functionally literate." 18 U.S.C. § 3624(f). Eligible inmates are required to participate in

3

the program for a period of time "sufficient to provide the inmate with an adequate opportunity to achieve functional literacy." Id. In addition, the BOP is required to offer "appropriate incentives which lead to successful completion of the programs." Id. Pursuant to the regulations which implement these statutory mandates, inmates who do not have a high school diploma or GED are required to participate in the program "for a minimum of 240 instructional hours or until a GED is achieved, whichever occurs first." 28 C.F.R. § 544.70. Failure to complete 240 hours of instructions in the program can result in disciplinary action. § 544.75. Notably, inmates who are "[s]entenced deportable aliens" are not required to participate in the literacy program. § 544.71(a)(3).

The PLRA also provides that inmates who are sentenced to between one year and life imprisonment may receive up to 54 days of good conduct time per year. 18 U.S.C. § 3624(b); see O'Donald v. Johns, 402 F.3d 172, 173-74 (3d Cir. 2005) (regarding calculation of good time credits). But the ability to earn the full 54 days of good conduct time depends on whether the inmate, inter alia, "has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree." § 3624(b); 28 C.F.R. § 523.20(c)(1). An inmate "shall be deemed to be making satisfactory progress" unless one of the following occurs:

(i)     the inmate refuses to enroll in the literacy program;
(ii)     the inmate has been found to have committed a prohibited act that occurred in a literacy program during the last 240 instructional hours of the inmate's most recent enrollment in the literacy program; or
(iii)    the inmate has withdrawn from the literacy program.

§ 544.73(b)(1)(i)-(iii). If an inmate is not making satisfactory progress, the regulations

4

provide that the BOP shall award only 42 days of good conduct time. 28 C.F.R. § 523.20(c)(2). Importantly, "an alien who is subject to a final order of removal, deportation, or exclusion is eligible for, but is not required to, participate in a literacy program, or to be making satisfactory progress toward earning a [GED] credential, to be eligible for a yearly award of good conduct time." § 523.20(d); see also 18 U.S.C. 3624(b)(4) (providing that "[e]xemptions to the [GED] requirement may be made as deemed appropriate by the Director of the [BOP].").

De La Cruz argues that he should have been awarded 54 days of good time credit because he had completed over 240 instructional hours and because, as a sentenced deportable alien,[2] he was not subject to the good time credit restrictions in § 523.20(c)(2). We disagree. Completing 240 hours in § 3624(f)'s literacy program merely prevented the BOP from disciplining De Le Cruz when he decided to withdraw from the program. See 28 C.F.R. § 544.73(c) (stating that "[a]t the end of 240 instructional hours . . . the inmate may elect not to continue in the literacy program, and no disciplinary action will be taken."). In addition, while sentenced deportable aliens are not required to participate in

---

[2] A "sentenced deportable alien" is defined as an inmate who is either (1) "assigned a Public Safety Factor 'H' status of 'Alien'" or (2) "under a final [BICE] order of deportation, exclusion, or removal." Program Statement 5350.28 § 9(c). As noted below, De La Cruz has not alleged that he was subject to a final order of removal. In addition, it is not clear whether he was classified by the BOP under category (1) prior to obtaining his certificate of citizenship. See Respondent's Answer to § 2241 Petition, 14 (noting that De La Cruz's status as a "sentenced deportable alien" is a "fact not established on the current record"). Even assuming that De La Cruz was a "sentenced deportable alien," however, he would not be entitled to relief, as we explain below.

5

the literacy program, they are required to make "satisfactory progress" under § 3624(b) to earn 54 days of good credit time. This point is made by a BOP Program Statement:

> Although sentenced deportable aliens are exempt from attending the literacy program for the mandated 240 instructional hours, they are still subject to the satisfactory progress literacy provision of [§ 3624(b)(1)]. . . . [To] be eligible for the maximum amount of [good conduct time], deportable aliens without a verified high school diploma or GED . . . must meet the satisfactory progress provision of [§ 3624(b)(1)].

BOP Program Statement 5350.28 § 9(d); see also Reyes-Morales, 766 F. Supp. 2d at 1357.

The "satisfactory progress" requirement, however, does not apply to inmates/aliens who are subject to a "final order of removal, deportation, or exclusion." § 523.20(d); see also Program Statement 5884.03 § 2 ("This Program Statement has been revised, based on 28 CFR 523.20, to exempt aliens subject to a final order of removal, deportation, or exclusion from the "satisfactory progress in a literacy program" provision of the PLRA."). Although De La Cruz cited this provision in his § 2241 petition, he does not allege that he was subject to a final order of removal. Accordingly, because it is undisputed that De La Cruz was not subject to a final removal order, the BOP permissibly reduced his earned good conduct time from 54 to 42 days during 2007 and 2008.

De La Cruz also argued that the BOP should not have reduced his good conduct time for 2008 because he reenrolled in the GED program on August 11 of that year. This argument lacks merit. Good conduct time is calculated at the end of each year that an inmate serves. See Barber v. Thomas, 130 S. Ct. 2499, 2504 (2010). According

6

to the BOP, De La Cruz began earning his jail credit on March 22, 2001.  Therefore, his good conduct time is calculated on March 21 of each subsequent year.  Because De La Cruz was not participating in the GED program at the time of the March 2008 calculation, the BOP properly awarded him 42 days of good conduct time.  See 28 C.F.R. § 544.73(b)(1)(iii) (stating that an inmate will be deemed to be making satisfactory progress until, inter alia, he has withdrawn from the literacy program).

In support of his § 2241 petition, De La Cruz relied on Snider v. Daniels, 445 F. Supp. 2d 1233 (D. Or. 2006).  In that case, the district court concluded that the BOP acted arbitrarily and capriciously in refusing to award good time credits following the petitioner's completion of 240 hours in the literacy program.  As described above, however, an inmate who completes 240 hours of instruction can still be deemed to not be making satisfactory progress if he withdraws from the GED program.  In addition, Snider, a district court case from outside this Circuit, has not been routinely followed in other cases.

For the foregoing reasons, we conclude that no substantial question is presented by this appeal.  See I.O.P. 10.6.  Accordingly, we will summarily affirm the District Court's judgment.[3]

---

[3] De La Cruz's motion for appointment of counsel is denied.  Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).