**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4195
_____

MICHAEL SELBY,
                                        Appellant

v.

WILLIAM SCISM
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-10-cv-01554)
District Judge:  Honorable James M. Munley
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 2, 2011

Before:  SLOVITER, SMITH and GREENBERG, Circuit Judges

(Opinion filed: December 6, 2011)
_____

OPINION
_____

PER CURIAM

        In July 2004, Michael Selby pleaded guilty to conspiracy to possess with the intent

to distribute controlled substances.  After an unsuccessful attempt to withdraw his guilty

plea, he was sentenced as a career offender to 15 years and eight months in prison plus a

four-year term of supervised release.  Selby appealed to no avail.

In March 2008, Selby filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. He argued that his counsel was ineffective for failing to file a motion to suppress evidence and for failing to object to inaccuracies in his pre-sentence report, which the District Court relied on in denying him a downward departure. The District Court denied his § 2255 motion, and we denied his subsequent application for a certificate of appealability.

Selby later filed a § 2244 application, seeking to raise the claim that the trial court improperly considered his prior conviction for simple assault to be a crime of violence, and thus improperly found him to be a career offender. Selby contended that he could raise this claim in a second § 2255 motion because this Court had recently clarified that a simple assault offense is not a crime of violence. See United States v. Johnson, 587 F.3d 203 (3d Cir. 2009). We denied his application without prejudice to Selby's filing another application if the Supreme Court made any of the cases he had cited in his application retroactive to cases on collateral review.

Selby returned to the District Court, presenting his claim in a petition pursuant to 28 U.S.C. § 2241. He argued that the sentencing court incorrectly enhanced his sentence by classifying him as a career offender. He again cited Johnson, and also relied on Begay v. United States, 553 U.S. 137 (2008), to support the proposition that his simple assault conviction under Pennsylvania law is not a "crime of violence" that qualifies him for career offender status. He contended that under a retroactive application of Begay, he is "actually innocent" of the career offender classification and entitled to resentencing. The

District Court dismissed the § 2241 petition for lack of jurisdiction, rejecting Selby's claims that a § 2255 motion was an inadequate or ineffective remedy. Selby moved for reconsideration, which the District Court also denied.

Selby appeals. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). We "exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact." See O'Donald v. Johns, 402 F.3d 172, 173 n.1 (3d Cir. 2005); see also United States v. Friedland, 83 F.3d 1531, 1542 (3d Cir. 1996) ("Our review of the district court's order denying . . . relief under 28 U.S.C. § 2241 is plenary.").

Upon review, we conclude that the District Court properly dismissed Selby's § 2241 petition for lack of jurisdiction. Typically, a federal prisoner raises a collateral attack to a sentence through 28 U.S.C. § 2255. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). However, a prisoner can proceed under 28 U.S.C. § 2241 instead if a § 2255 motion is "inadequate or ineffective." 28 U.S.C. § 2255; In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). As we explained in In re Dorsainvil, this "safety valve" applies when a prisoner has been convicted and imprisoned for conduct since deemed not to be criminal. See 119 F.3d at 251 (explaining that a federal prisoner can use § 2241 where he "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate").

Selby does not argue that he is innocent of the offense for which he was convicted; he argues that he is "innocent" of a sentencing enhancement because of an intervening

3

change in law.[1]  Accordingly, the exception described in <u>In re Dorsainvil</u> does not apply. <u>See</u> <u>Okereke</u>, 307 F.3d at 120 (holding that a petitioner could not use § 2241 to bring an <u>Apprendi</u> claim, because, "Unlike the intervening change in law in [<u>Dorsainvil</u>] that potentially made the crime for which that petitioner was convicted non criminal, <u>Apprendi</u> dealt with sentencing and did not render conspiracy to import heroin, the crime for which Okereke was convicted, not criminal.")

Selby also notes that he did not have success when he sought to bring his claim in a second § 2255 motion.  However, a motion under § 2255 is not "inadequate or ineffective" simply because the sentencing court denied relief or because the movant cannot meet the gatekeeping requirements of § 2255.  <u>Cradle v. United States</u>, 290 F.3d 536, 538-39 (3d Cir. 2002).

In short, Selby did not show that § 2255 is "inadequate or ineffective" to challenge his detention.  Accordingly, the District Court did not err in dismissing his § 2241 petition for lack of jurisdiction.  For these reasons, we will affirm the District Court's decision.

---

[1] For the purposes of this appeal, we assume, without deciding, that his contention is correct.

4