CLD-164                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4388
_____

DAVID MEYERS,
                    Appellant

v.

WARDEN ALLENWOOD USP;
U.S. ATTORNEY MIDDLE DISTRICT OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-13-cv-01630)
District Judge:  Honorable John E. Jones, III
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 30, 2014
Before:  FUENTES, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Filed: February 3, 2014)
_____

OPINION
_____

PER CURIAM

    David Meyers filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241

in the United States District Court for the Middle District of Pennsylvania.  At the time

he filed the petition, Meyers was incarcerated at Riverside Regional Jail in Hopewell,

Virginia. Meyers named as respondents to his petition, inter alia, a prison official associated with the United States Penitentiary in Allenwood, Pennsylvania. In his petition, Meyers sought review of past sentence calculations and credits. The District Court dismissed Meyers' petition after determining that he named the wrong respondent and filed his petition in the wrong jurisdiction. Meyers appeals.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). In our review of the District Court's order dismissing the § 2241 petition we "exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact." O'Donald v. Johns, 402 F.3d 172, 173 n.1 (3d Cir. 2005). We may summarily affirm if the appeal does not present a substantial question. See 3d Cir. LAR 27.4; I.O.P. 10.6.

We conclude that the District Court correctly dismissed Meyers' petition. "[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004). Accordingly, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." Id. at 447. Jurisdictional issues related to a prisoner's custody are determined as of the date the habeas petition is filed. See Leyva v. Williams, 504 F.3d 357, 363 (3d Cir. 2007); Chong v. Dist. Dir., INS, 264 F.3d 378, 382-83 (3d Cir. 2001). At the time Meyers filed his petition, he was not confined within the Middle District of Pennsylvania and none of the respondents were his warden. Accordingly, the District Court properly dismissed Meyers' petition.

For the foregoing reasons, this appeal presents no substantial question and we will summarily affirm the District Court's judgment. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); see 3d Cir. LAR 27.4; I.O.P. 10.6.