BLD-126                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2677
_____

EUGENE KENNETH BRINSON,
                                                          Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-12-cv-01451)
District Judge:  Honorable Matthew W. Brann
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6.
January 28, 2016

Before: FUENTES, KRAUSE and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 5, 2016 )
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Eugene Kenneth Brinson appeals from the District Court's award of damages in the amount of $350.00 for the Appellee's negligence in serving chicken tainted with salmonella to Appellant while he was an inmate at USP-Canaan on June 25, 2011. For the reasons stated below, we will summarily affirm. Because the parties are familiar with the facts and procedural history of the case, we need not reiterate them.

Brinson brought a claim under the Federal Tort Claims Act ("FTCA") against the United States, claiming that he was served chicken tainted with salmonella on June 25, 2011, while incarcerated at USP-Canaan. He claims that, as a result, he suffered from symptoms of salmonella poisoning for 60 days, including stomach pain, cramping, nausea, dehydration, and diarrhea. He sought punitive damages.

The Appellees conceded liability and the matter proceeded to a bench trial on the issue of damages. Brinson argued that he was kept behind a locked door and denied access to medical care for his salmonella poisoning for the 13 days after the incident due to a prison lockdown. He asserts that he is entitled to damages in the amount of $10,000 a day for each of the 13 days he was denied treatment and experiencing severe physical pain and mental anguish. He also argues that he was given inappropriate and inadequate medication for his illness, which caused salmonella to remain in his system for over 60 days. As a result, he was unable to go to work at the prison or interact with the other inmates.

The District Court made a finding of fact that Brinson had symptoms of salmonella for only seven days based on Brinson's medical records. The Court also found that Dr. Holloway, a physical at USP-Canaan at the time of the outbreak, went

door to door providing treatment to the inmates. Based on Dr. Holloway's testimony, the standard medical protocol for treating salmonella was hydration, and not the antibiotics that Brinson requested. The Court noted that the FTCA does not permit the grant of punitive damages; however, the Court awarded Brinson 50 dollars per day for the seven days he had salmonella poisoning symptoms for his intangible damages of pain and suffering, inconvenience, and loss of capacity for enjoyment of life. Brinson appealed.

We have appellate jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions and review its findings of fact for clear error. O'Donald v. Johns, 402 F.3d 172, 173 n.1 (3d Cir. 2005) (per curiam). A district court's determination of damages is only disturbed upon a showing of clear error. See Tyminski v. United States, 481 F.2d 257, 271 (3d Cir.1973). Absent "a firm conviction that the damages award was so inadequate as to warrant interference on the appellate level," we will uphold a District Court's award. Id.; see also Lanning v. Southeastern Pennsylvania Transp. Auth., 181 F.3d 478, 501-02 (3d Cir.1999) (clear error standard requires district court to be affirmed if its account is plausible in light of the entirety of the record even though appellate court might have weighed the evidence differently). We may take summary action if an appeal does not present a substantial question. See 3d Cir. I.O.P. 10.6.

Brinson argues that he suffered symptoms of salmonella poisoning for at least 60 days. The medical records Brinson attached to his complaint indeed indicate he experienced diarrhea and abdominal pain as of mid-August 2011, about two months after he ingested chicken tainted with salmonella. The District Court reasoned, however, that

3

based on its review of Brinson's medical records and the testimony of Dr. Holloway, Brinson had salmonella poisoning for only seven days. The Court found persuasive a nonbinding decision, Gil v. United States of America, 2006 WL 385088 (M.D. Fl. 2006), where a district court awarded a federal inmate who suffered food poisoning noneconomic damages of 50 dollars per day. Similar to the case at bar, the district court in Gil reasoned that 50 dollars a day was "a fair and reasonable amount to compensate [the] Plaintiff for his intangible losses" where a federal prisoner had suffered from a few days of acute gastroenteritis from eating tainted ham at the prison dining hall. Id. at *3. The Court reasoned that the prisoner did not incur any "medical expenses, lost wages, or other special damages," and therefore, his recovery was limited to "intangible damages for pain and suffering, inconvenience, and loss of capacity for enjoyment of life." Id.

While Brinson appears to have suffered from diarrhea and abdominal pain for a few months after he ate the salmonella-tainted chicken, we cannot conclude the District Court clearly erred in limiting his damages award calculation to the seven days. As the Court noted, Brinson's continued diarrhea could have been caused by factors other than salmonella poisoning, such as his pre-existing gastroenteritis, and from the antibiotics he was given for his sinusitis. His medical records from mid-July and mid-August indicate that his other vital signs were normal. Moreover, the District Court did not err in declining to grant the punitive damages Brinson requested because such damages are prohibited in FTCA cases. See Molzof v. United States, 502 U.S. 301, 312 (1992).

As this appeal presents no substantial question, we will summarily affirm.

4