NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 16-4035

_____

JOHN LEGRAND,

Appellant

v.

UNITED STATES OF AMERICA;
ERIKA FENSTERMAKER, U.S.P. Administrative Remedy Coordinator;
RYAN, U.S.P. Canaan Food Service Administrator;
POANE, U.S.P. Canaan Medical Service Director;
CAPTAIN BRECKON, U.S.P. Canaan;
WARDEN RONNIE HOLT, U.S.P. Canaan;
HENRY SADOWSKI, Northeast Regional Office Counsel

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court No.: 3:12-cv-0743)
District Judge: Honorable Malachy E. Mannion

_____

Submitted under Third Circuit L.A.R. 34.1(a)
on July 15, 2017

(Opinion filed: October 4, 2017)

Before: VANASKIE, RENDELL, and FUENTES, Circuit Judges

—————

O P I N I O N*

—————

**RENDELL,** <u>Circuit Judge</u>:

Appellant John Legrand challenges the final judgment entered by the District Court in favor of Appellant awarding him damages in the amount of $2,500.00, but refusing to grant him emotional damages. For the following reasons, we will affirm.

I.

Legrand, an inmate formerly incarcerated at the Canaan United States Penitentiary in Waymart, Pennsylvania (USP Canaan), filed a negligence action against the United States pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. Section 2671, *et seq*. The case arose from a salmonella-poisoning outbreak that occurred while Legrand was an inmate at USP Canaan in June of 2011. Legrand claimed that he became seriously ill after ingesting salmonella-tainted chicken. The United States conceded liability for the salmonella poisoning. After a bench trial on damages, the District Court awarded Legrand $2,500.00, but refused to grant him damages for emotional distress. Legrand now appeals, claiming that the District Court erred in failing to award him damages for his emotional distress. He further maintains that his award of $2,500.00 was inadequate.

—————————————

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

**A.      Damages for the Emotional Distress Claim**

We review legal decisions de novo, but findings of fact for clear error. *DeJesus v. U.S. Dep't of Veterans Affairs*, 479 F.3d 271, 279 (3d Cir. 2007). The District Court properly held that Legrand was not entitled to damages for emotional distress.

Legrand argues that after ingesting the salmonella-tainted chicken, he began experiencing a variety of physical symptoms. When those symptoms continued to persist, he began to fear that his digestive tract had been permanently damaged as a result of the salmonella poisoning. It is this fear that he claims constituted emotional distress for which he should be compensated. However, two separate medical tests proved the symptoms giving rise to Legrand's distress were caused by GERD and a hiatal hernia, conditions completely unrelated to the salmonella. A defendant cannot be held liable for emotional distress accompanying illnesses completely unrelated to any fault of that defendant. *Cf. Lubowitz v. Albert Einstein Medical Ctr., N. Div.*, 623 A.2d 3, 5 (Pa. Super. Ct. 1993). Thus, the District Court properly refused to grant Legrand emotional distress damages.

**B.      Adequacy of the Amount of Damages**

In reviewing the claim that the verdict was inadequate, we reverse only if left with "the firm conviction that the award was so inadequate as to warrant interference at the appellate level." *Tyminski v. U.S.*, 481 F.2d 257, 271 (3d Cir. 1973); *see also Williams v.*

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 1346(b). We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We apply Pennsylvania law in this FTCA action. *See DeJesus v. U.S. Dep't of Veterans Affairs*, 479 F.3d 271, 279 (3d Cir. 2007).

*Martin Marietta Alumina, Inc.*, 817 F.2d 1030, 1038 (3d Cir. 1987) (noting that we will not reverse a damages award based on its adequacy unless it "shocks the conscience"); Appellant's Brief at 13 (conceding this standard of review). We find no basis to upset the District Court's damages award. To start, Legrand's damages were in line with damages awards in other cases of Legrand's fellow inmates who also suffered symptoms of salmonella poisoning from the outbreak. *See Rhines v. United States*, 2016 WL 3671149 (M.D. Pa. 2016) ($3,000); *Brinson v. United States*, 2015 WL 3883582 (M.D. Pa 2015) ($350), *aff'd*, 634 F. App'x 352 (3d Cir. 2016).[2] What is more, Legrand did not incur any medical expenses or lost wages. Finally, the District Court noted that while Legrand did in fact suffer on account of his salmonella, medical and prison records indicated that Legrand had exaggerated the nature and extent of his suffering. **A-12-13**. Thus, we find that the damages award does not "shock the conscience," and we will affirm.

---

[2] While Legrand distinguishes the facts of his case from those cases, the distinctions between them do not lead us to conclude that the verdict here "shocks the conscience."